TOTH *v.* ESTATE OF KLEIN ET AL.

[Cite as Toth v. Klein (1971), 27 Ohio Misc. 37.]

(No. 69-13449—Decided February 25, 1971.)

Shaker Heights Municipal Court.

*Mr. Ed. L. Kornowski,* for plaintiff.
*Mr. Martin A. Rini,* for defendants.

ROCKER, J. This suit was brought originally against Julius Klein and later upon his death, the co-executors of his estate were substituted as parties defendant.

The action was brought on an alleged contract wherein the plaintiff was employed to sell a certain parcel of real property then owned by the said Julius Klein. The complaint alleges that there is due the plaintiff the sum of $5,625.00 for commissions claimed owing under the contract.

Defendants filed their answer denying liability under the contract on the basis that same was "illegal," that plaintiff was guilty of fraud in that he failed to reveal that his principal was his brother, that there was no consideration "or in the alternative a failure of consideration to defendants' decedent."

Along with the answer, defendants filed a counterclaim setting forth as their claim for relief: "1. Plaintiff has been guilty of malicious abuse of process by reason of which defendant's decedent was damaged in the sum of $15,000.00."

It is the contention of defendants that this court is compelled by reason of the counterclaim's allegation of damages in excess of the monetary jurisdiction of this court, that the action must be certified to the Common Pleas Court of Cuyahoga County.

Defendant relies upon two of the Rules of Civil Procedure, to wit: C. R. 13 (J), and C. R. 18 (A) and (B).

C. R 13 (J) contains the following language:

"In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the Court of Common Pleas."

C. R. 13 (J) is substantially the same as R. C. 1901.22 (E) which likewise required certification to the Common Pleas Court if a counterclaim exceeded the Municipal Court's jurisdiction.

C. R. 18 refers to joinder of claims and remedies and reads as follows:

"(A) Joinder of Claims

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.

"(B) Joinder of remedies, fraudulent conveyances

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

This court was faced with a comparable situation involving certification to the Court of Common Pleas in a case entitled *Hartzmark & Co., Inc.,* v. *Weiss,* 18 Ohio Misc. 116.

That case involved a suit by a stockbroker against a customer for alleged conversion of stock certificates. The customer counterclaimed for malicious prosecution, praying for damages in the amount of $750,000.00.

This court refused to certify the case to the Court of Common Pleas as purportedly required under the aforementioned R. C. 1901.22(E) on the basis that since it was empowered by law to determine the validity of a "petition," it was equally empowered to determine the validity of a "cross-petition" or "counterclaim."

It was held, further, that defendant did not have a cause of action against the plaintiff for malicious prosecution until termination of the conversion suit, and then only if that termination was favorable to the defendant.

It must be determined now whether the Rules of Civil Procedure as enacted into law in July 1970, deprive this court of any opportunity to inquire as to the validity of

any counterclaim for relief when the amount of damages alleged exceeds the court's jurisdiction.

Beginning with Rule No. 1 (B), it seems to this court that the "new rules" were adopted not to further restrict the discretionary powers of the courts of this state, but to broaden such powers. Rule 1 (B) is as follows:

"These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

This court will keep in mind throughout this decision that "power-packed" sentence.

The first phrase of that sentence seeks the elimination of delay in the adjudication of disputes; it, undoubtedly, is the cornerstone of the Rules of Civil Procedure. Its application to the case at hand is eminently obvious when one considers the realities of what will, in all probability, occur if this case is certified to the Court of Common Pleas of Cuyahoga County.

Since that court, for many reasons not relevant to this discussion, is many years behind in its docket, were the present case to be certified to it, trial of the cause would, at the present rate of operations, not be had for approximately four or five years. This court believes it may take judicial notice of that condition since it is a matter of common knowledge among bench and bar and, furthermore, is a matter of record in the Comon Pleas Court of this county.

On the other hand, primarily because of fewer cases on file in this court, trial could be had within six months, providing both parties are ready for trial.

If plaintiff were to prevail in his action in this court, defendants would quite obviously have to reconsider the filing of an action for abuse of process. If defendants were to prevail, they may file their action in Common Pleas Court and they will have suffered considerably less delay than that imposed upon plaintiff.

Plaintiff filed this action in August of 1969, one year and seven months ago. Defendants quite belatedly find that

they have been defrauded and file their counterclaim in February of 1971.

It seems to this court that defendants would have little cause for complaint if their alleged claim would be delayed six months longer at which time both claims with respect to the alleged contract could be resolved in one direction, at least.

It is needless for this court to indicate that the procedure desired by defendants would substantially violate the other two precepts set forth in Rule 1(B) "eliminating * * * unnecessary expense and all other impediments to the expeditious administration of justice."

This court is, therefore, of the opinion that by the same reasoning to be found in its decision in *Hartzmark* v. *Weiss, supra,* defendant's counterclaim is ordered struck from the files since it does not state a claim upon which relief can be granted, unless and until plaintiff's complaint is adjudicated in favor of defendants. No claim of any kind exists at this time on which defendants could have brought an independent action; it does not come alive by the birth of plaintiff's complaint, but only by the death of it.

With respect to defendants' reference to C. R. 18, this court does not believe that rule is applicable since it finds that defendants have set forth no claim for relief, there is nothing to be joined with it.

If the foregoing is insufficient to establish this court's position, it refers to Rule No. 42 (B) which states:

"The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, *counterclaim,* or third-party claim * * *." (Emphasis added.)

The court, therefore, orders defendants' counterclaim dismissed and made the subject of a separate trial.