HERSCH, APPELLEE, *v.* DEBRECZENI, APPELLANT.

[Cite as Hersch v. Debreczeni
(1973), 33 Ohio App. 2d 235.]

(No. 31969—Decided March 15, 1973.)

*Mr. S. E. Stein,* for appellee.
*Mr. James Easly,* for appellant.

KRENZLER, J. Plaintiff filed his complaint in the Gar-
field Heights Municipal Court, alleging that he is an attor-

ney at law, licensed and authorized to practice in the State of Ohio. He further alleged that the defendant employed him in connection with a matter known as Killearn Acres-York Motel, and that the reasonable value for his services rendered was $1,100 and he demanded judgment against the defendant in the amount of said $1,100.

The defendant filed an answer and counterclaim. The answer denied that the defendant employed the services of the plaintiff and was indebted to him in the amount of $1,-100.

The counterclaim alleged the following. A group of investors employed defendant as a financial adviser and retained plaintiff to prepare an option agreement for the purchase of certain property in Florida. Plaintiff maliciously made slanderous remarks about the defendant to the group, disparaging his professional ability and stating that he, the plaintiff, could find a better financial adviser for them, namely, himself. As a result the group dropped the entire matter. The defendant then prayed that plaintiff's complaint be dismissed and judgment rendered for defendant against plaintiff in the sum of $25,000 and costs.

Plaintiff filed a motion to dismiss the counterclaim, alleging that it failed to state a valid counterclaim upon which relief could be granted.

The trial court denied plaintiff's motion to dismiss the counter-claim and certified the case to the Common Pleas Court as being beyond the monetary jurisdiction of the Municipal Court. R. C. 1901.17, Civil Rule 13(J).

Subsequently, on the court's own motion the previous journal entries denying the motion to dismiss the counterclaim and certifying the case to the Common Pleas Court were vacated and on reconsideration the plaintiff's motion to dismiss the counterclaim was granted.

The defendant did not file an amended counterclaim for which leave to plead was granted by the trial court but filed a notice of appeal to this court with two assignments of error.

1. The lower court erred in ruling on plaintiff-appellee's motion to dismiss defendant-appellant's counterclaim.

2. The lower court erred in dismissing defendant-appellant's counterclaim.

The first issue to be determined is whether Civil Rule 13 (J) requires a municipal court to immediately certify a case to the common pleas court upon the filing of a counterclaim which prays for relief in excess of the monetary jurisdiction of the municipal court, which is $10,000 for municipal courts in Cuyahoga County. R. C. 1901.17.

In other words, does the mere prayer for an amount in excess of the monetary jurisdiction of a municipal court in a cross-complaint or counterclaim deprive that court of jurisdiction and require immediate certification to the common pleas court, or must the municipal court first review it and make a determination that it meets all of the formal requirements of the Civil Rules and that it states a cause of action and demands judgment in excess of the monetary jurisdiction of the municipal court before the case is certified to the common pleas court?

This case will be decided by applying the Ohio Rules of Civil Procedure which became effective July 1, 1970. Civil Rule 1(A), Civil Rule 2.

Under the Civil Rules claims for relief must be in the form of pleadings in original claims, counterclaims, cross-claims or third-party claims and contain:(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Civil Rule 8(A).

As to defenses, a party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Civil Rule 8(B). Further, in pleading to a preceding pleading a party shall set forth any affirmative defenses that he may have. Civil Rule 8(C).

The Civil Rules further provide that every defense in law or fact to a claim for relief in any pleading (whether a claim, counterclaim, cross-claim or third-party claim) shall be asserted in a responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over

the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. Civil Rule 12 (B).

It is noted that any of the seven defenses enumerated in Civil Rule 12(B), whether made in a pleading or by motion, shall be heard and determined before trial. Civil Rule 12 (D).

In the present case, as noted above, the plaintiff filed a complaint, defendant filed an answer and a counterclaim, and the plaintiff filed a motion to dismiss the counterclaim for failure to state a claim entitling the defendant to relief.

We must determine if the Civil Rules provide that the mere filing of a counterclaim with a prayer in excess of the jurisdictional limits of the municipal court automatically requires transfer of the case to the common pleas court, or whether the municipal court must first determine whether the counterclaim satisfies the formalities of the Civil Rules and states a claim showing that the defendant is entitled to relief in an amount in excess of the jurisdictional limits of the municipal court.

Civil Rule 13(J) states that in the event a counterclaim, cross-claim and third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings to the court of common pleas.

This rule does not state that if the "prayer" or demand for judgment of the counterclaim, cross-claim or third-party claim exceeds the jurisdiction of the court it shall be certified, but clearly states that if the counterclaim, cross-claim or third-party claim exceeds the jurisdiction of the court it shall be certified to the court of common pleas.

It is our ruling that Civil Rule 13(J) does not mean that when a demand for judgment contained in a claim, counterclaim, cross-claim or third-party claim exceeds the jurisdictional limits of the municipal court, it will automatically be transferred to the common pleas court. The municipal court must first determine if such counterclaim,

cross-claim or third-party claim satisfies the formalities of the Civil Rules and states a claim showing that the pleader is entitled to relief. *Toth* v. *Klein* (1971), 27 Ohio Misc. 37; *Hartzmark and Co.* v. *Weiss* (1969), 18 Ohio Misc. 116

If we were to adopt as a rule the argument advanced by the defendant, it would lead to a result which was not intended by the Civil Rules. Whenever a defendant would want to avoid the jurisdiction of a particular municipal court he could deprive that court of jurisdiction by filing a pleading entitled counterclaim which does not state a claim showing that he is entitled to relief but which makes a demand for judgment in excess of the municipal court's jurisdiction. The case would then be certified to the common pleas court which could have jurisdiction even if a motion to dismiss the counterclaim were granted.

It is specifically noted that this ruling does not require the municipal court to conduct a trial on the merits of the counterclaim. But a determination is required by the municipal court whether the formalities of the Civil Rules are satisfied and whether the counterclaim contains a short and plain statement of the claim showing that the pleader is entitled to relief.

The first assignment of error is not well taken. The trial court was correct in ruling on plaintiff-appellee's motion to dismiss the defendant-appellant's counterclaim.

The defendant-appellant's second assignment of error is well taken.

The Rules of Civil Procedure are to be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice, and emphasis is to be placed upon liberal construction rather than upon technical interpretation. Civil Rule 1(B); Rules Advisory Committee Staff Notes.

Further, all pleadings shall be construed as to do substantial justice. Civil Rule 8(F). This emphasizes the fact that pleadings shall be construed liberally in order that the substantive merits of the action may be served. Civil Rule 8(F); Rules Advisory Committee Staff Notes.

Each averment of a pleading shall be simple, concise and direct and no technical forms of pleadings are required. In other words, a pleading shall rely on simple, concise and direct language and avoid formal and technical forms of language. Civil Rule 8(E); Rules Advisory Committee Staff Notes.

The defendant appellant's counterclaim did contain a short and plain statement of the claim showing that he is entitled to relief, and it also contained a demand for judgment for relief in excess of the monetary jurisdiction of the municipal court.

The trial court should have transferred and certified this cause to the common pleas court.

Judgment reversed and cause remanded to Garfield Heights Municipal Court for further proceedings consistent with this opinion.

*Judgment reversed.*

SILBERT, P. J., and DAY, J., concur.