GRAVILL, APPELLANT, *v.* PARKHURST ET AL., APPELLEES.

(No. 49726—Decided November 25, 1985.)

*N. Norman Gravill,* pro se.
*Ronald S. Marshek,* for appellees.

JACKSON, P.J. Appellant Gravill appeals from the dismissal of his case by the court of common pleas.

The facts giving rise to this appeal are as follows. Appellees Ronald and Arlene Parkhurst contracted to purchase a single-family residence from appellant, and deposited $2,000 earnest money. The agreement provided that title was to be transferred on August 31, 1982. From February to August 1982, the appellees agreed to rent the house from appellant for $650 per month.

In July 1982, appellant notified appellees that he was cancelling the transaction because appellees were late in paying rent, and that he expected them to vacate the premises prior to August. 31, 1982. Appellant further informed them that he was retaining their $2,000 as "liquidated damages." Appellees responded by refusing to pay the August rent until their deposit was returned to them. Appellant failed to return the deposit, and brought an eviction action against appellees. That eviction action is not presently before this court on appeal.

After commencement of the eviction action, appellant initiated a separate action for rent against appellees, also in the Bedford Municipal Court. Service was made on appellees September 27,

1982. Appellant's complaint, interrogatories, and requests for admissions were accompanied by a Bedford Municipal Court cover sheet which informed the appellees: "You must file an ANSWER to this Complaint within 28 days after this summons is served on you." Answer date was therefore October 25, 1982. However, on October 19, prior to the service of a responsive pleading, appellant served upon appellees an amended complaint, again with interrogatories and requests for admissions. This amended complaint was also accompanied by a cover sheet from Bedford Municipal Court with an interlineation added, as follows: "You must file an ANSWER to this Amended Complaint within 28 days after this summons is served on you." On November 15, 1982, twenty-seven days later, appellees served their answer, responses to interrogatories and requests for admissions, and a counterclaim. The four-count counterclaim sought damages in excess of $10,000. Meanwhile, on November 4, 1982, appellant had filed a "motion for summary judgment," seeking thereby to obtain a judgment by default based on appellees' failure to answer.

On November 19, 1982, the Bedford Municipal Court judge filed the following journal entry:

"This matter came on for hearing on November 17th, 1982, upon Motion of the Plaintiff for Summary Judgment. The Court finds said Motion of the plaintiff for Summary Judgment overruled. It appearing that the defendant [sic] has filed a pleading praying for an amount in excess of $10,000.00, said amount exceeding the jurisdiction of this Court. It is therefore ordered that this action be and the same is hereby, certified to the Cuyahoga County Court of Common Pleas for further proceedings, according to law."

The case was assigned to common pleas Judge James Carroll. After a prolonged exchange of discovery motions, defendants-appellees filed a notice of deposition duces tecum on April 11, 1984. The deposition was to be taken on May 1, 1984. On April 27, 1984, appellant filed a motion for a protective order asserting that he should not be required to travel to Cuyahoga County to give evidence.

On July 6, appellant filed an affidavit of prejudice, and Judge Carroll relinquished the case, which was reassigned to Judge Roy McMahon.

On August 31, Judge McMahon issued the following order, which was journalized on September 5, 1984:

"Plaintiff's motion for a protective order is overruled and plaintiff is ordered to appear for deposition in Cuyahoga County pursuant to defendants' notice. All discovery is to be completed on or before 10-1-84."

The deposition was re-scheduled for September 28, 1984. Appellant appeared at the deposition, but failed to bring the requested documents. Before the deposition was over, appellant became angry, refused to answer any further questions, and walked out. Appellant did *not* request a court order to terminate or limit the examination; he simply walked out.

Appellees filed a motion for sanctions pursuant to Civ. R. 37. Appellant filed a brief in opposition. The court granted appellees' motion for sanctions and dismissed appellant's action with prejudice.

Appellant presents four assignments of error for review by this court.

I

Appellant's first and second assignments of error are related and will be discussed together.

First Assignment of Error

"The Bedford Municipal Court abused its discretion and commited [sic] prejudicial error in failing to grant

plaintiff-appellant a summary judgment on his amended complaint."

Second Assignment of Error

"The Bedford Municipal Court abused its discretion and committed prejudicial error in accepting defendants-appellees' answer without requiring them to file a Motion for Leave of Court to file an answer and in failing to hold a hearing thereon."

The general rule regarding an answer is that it must be served within twenty-eight days after the summons and complaint have been served on defendant. See Civ. R. 12(A)(1). Appellees did answer within twenty-eight days after the amended complaint was served on them. However, appellant contends that appellees' answer was not timely, and that a different time frame is applicable to amended pleadings under Civ. R. 15(A), which states in relevant part:

"* * * A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or *within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.*" (Emphasis added.)

We agree. Pursuant to Civ. R. 15(A) the deadline for an answer to the amended complaint was November 2, not November 16. Therefore, the answer filed by appellees on November 15 was not timely.[1] Appellant filed his "motion for summary judgment" on November 4, with no notice to appellees.[2] Appellees answered on November 15, apparently not aware that their responsive pleading was not

timely. On November 17, the municipal court heard appellant's motion. The court journalized its denial of the motion on November 19.

Appellant argues that the municipal court abused its discretion by not granting his motion, and cites *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209 [16 O.O.3d 244], wherein the court stated, at 214:

"While this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ. R. 6(B), is not unlimited, and under the circumstances existing on April 14, 1977, some showing of 'excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits."

In the case at bar, appellant's motion was heard and decided (against him) by the trial court. Moreover, appellees did file their answer within the time limitation designated on the cover sheet of the Bedford Municipal Court which stated, "You must file an ANSWER to this Amended Complaint within 28 days * * *." Obviously, this instruction to appellees from the Bedford Court was erroneous and in contravention of Civ. R. 15, but this court is reluctant to attribute the error of the trial court to the appellees.

Although appellees (apparently ob-

---

[1] During oral argument, counsel for appellees argued that whenever requests for discovery are served along with an amended complaint, the answer date is automatically extended from the fourteen days designated in Civ. R. 15(A) to the longer period allowed for discovery in Civ. R. 33(A) and Civ. R.

36(A). We disagree. The complaint and answer are pleadings, Civ. R. 7(A), and are not controlled by the Civil Rules pertaining to discovery practice.

[2] Under Civ. R. 55(A), no notice to appellees was required.

livious to the fact that they were out of rule) did not file a Civ. R. 6(B) motion for extension of time,[3] we are persuaded that under the peculiar circumstances of the case at bar, there is sufficient evidence of excusable neglect to warrant the trial court's denial of appellant's motion. We are not convinced that the trial court's ruling was an abuse of discretion. See *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219 (" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' ").

Accordingly, appellant's first and second assignments of error are overruled.

## II

Appellant's third assigment of error states:

"The Bedford Municipal Court committed prejudicial error in automatically transferring and certifying the proceedings to the Common Pleas Court without first holding a hearing to determine whether the counterclaim filed by the defendants-appellees satisfied the formalities of the Civil Rules and stated a claim showing that the defendants-appellees were in fact entitled to relief in an amount in excess of the court's monetary jurisdictional limits."

Appellees' four-count counterclaim prayed for damages in excess of $10,000. The municipal court, after examining the counterclaim, certified the proceedings in the case to the Cuyahoga County Court of Common Pleas, pursuant to R.C. 1901.17[4] and Civ. R. 13(J).[5]

Appellant contends that the municipal court erred in certifying the proceedings without first holding a hearing. As authority, appellant cites this court's opinion in *Hersch* v. *Debreczeni* (1973), 33 Ohio App. 2d 235 [62 O.O.2d 349]. In *Hersch,* we held that before transferring a case to the common pleas court, the municipal court "must first determine if such counterclaim, cross-claim or third-party claim satisfies the formalities of the Civil Rules and states a claim showing that the pleader is entitled to relief." *Hersch, supra,* at 238-239. This court concluded:

"The defendant appellant's counterclaim did contain a short and plain statement of the claim showing that he is entitled to relief, and it also contained a demand for judgment for relief in excess of the monetary jurisdiction of the municipal court.

"The trial court should have trans-

---

[3] Civ. R. 6(B) provides:

"Time: extension. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them."

[4] R.C. 1901.17 provides in relevant part:

"A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed ten thousand dollars. * * *"

[5] Civ. R. 13(J) provides:

"Certification of proceedings. In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."

ferred and certified this cause to the common pleas court." *Id.* at 240.

The *Hersch* decision does not require a municipal court to hold a hearing before transferring jurisdiction. In fact, it "specifically noted that this ruling does not require the municipal court to conduct a trial on the merits of the counterclaim." *Hersch, supra,* at 239.

In the case at bar, this court is persuaded, as was the municipal court, that appellees' counterclaim "contains a short and plain statement of the claim showing that the pleader is entitled to relief," and satisfies the "formalities of the Civil Rules." *Hersch, supra,* at 239. Consequently, we hold that the municipal court properly transferred the case to the common pleas court. Appellant's third assignment of error is overruled.

### III

For his fourth and final assignment of error, appellant asserts:

"The Common Pleas Court abused its discretion in dismissing plaintiff-appellant's complaint with prejudice without giving notice to plaintiff-appellant and where defendants-appellees did not seek an order to compel discovery pursuant to Civil Rule 37(A) prior to dismissal with prejudice."

On September 5, 1984, the court of common pleas stated in its journal:

"* * * [p]laintiff is ordered to appear for deposition in Cuyahoga County pursuant to defendants' notice. All discovery is to be completed on or before 10-1-84."

Appellant did appear for deposition on September 28, 1984. However, he failed to bring the documents requested by appellees. Moreover, he unilaterally terminated the deposition by walking out before the opposing attorney had completed his questioning. Appellant, by his actions, made it impossible to complete discovery prior to the deadline imposed by the court. The trial court granted appellees' motion for sanctions, over appellant's opposition, and dismissed appellant's complaint. Appellees then voluntarily dismissed their counterclaim.

This court sternly disapproves of tactics which disrupt or withhold discovery. See *Smith* v. *Klein* (1985), 23 Ohio App. 3d 146. A party-deponent is *never* privileged in unilaterally halting a deposition by walking out, unless he *immediately* moves the court for a protective order terminating or limiting the examination. See Civ. R. 30(D)[6]; *Smith* v. *Klein, supra; Shapiro* v. *Freeman* (S.D.N.Y. 1965), 38 F.R.D. 308. Appellant took no such action to obtain relief in the case at bar. Instead, appellant, an attorney himself, simply walked out of the deposition in violation of the court's order and the Civil Rules.

Civ. R. 37(D) provides:

"*If a party* or an officer, director, or a managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party *fails (1) to appear before the officer who is to take his deposition, after being served*

---

[6] Civ. R. 30(D) provides:

"At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of

the taking of the deposition as provided in Rule 26(C). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37 apply to the award of expenses incurred in relation to the motion."

*with a proper notice,* or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, *the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule.* In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C)." (Emphasis added.)

Where a party makes an initial appearance at his own deposition, without the required documentary evidence, and leaves the deposition without privilege or excuse before the conclusion of the deposition, the party has, in effect, failed "to appear before the officer who is to take his deposition." The purpose of the Civil Rules regarding depositions is to ensure not only that a deponent will appear at the deposition, but that he will also remain long enough to answer questions. A deponent cannot evade the effect of the rules by making a brief appearance at the deposition, then taking French leave at his own convenience.

Among the sanctions authorized by Civ. R. 37(B)(2) is the following:

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party * * *." (Emphasis added.)

The Civil Rules authorized the trial court to dismiss appellant's action under the circumstances demonstrated in the case at bar. The action of the trial court in dismissing appellant's complaint was not an abuse of discretion. Appellant's fourth assignment of error is overruled.

Accordingly, the judgment of the lower court is affirmed.

*Judgment affirmed.*

PRYATEL and PATTON, JJ., concur.