LEWALLEN et al., Appellees,

v.

MENTOR LAGOONS, INC., Appellant.

[Cite as *Lewallen v. Mentor Lagoons, Inc.* (1993), 85 Ohio App.3d 91.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63197.

Decided Jan. 19, 1993.

*John Lewallen* and *Gail Lewallen, pro se.*
*Albert C. Nozik,* for appellant.

*Per Curiam.*

Defendant-appellant Mentor Lagoons, Inc. ("Mentor Lagoons") appeals from a judgment of the Lyndhurst Municipal Court Small Claims Division in favor of plaintiffs-appellees John and Gail Lewallen in the amount of $200 in damages on their complaint for unpaid wages and against defendant on its counterclaim.

Plaintiffs filed their original complaint in this action against Albert C. Nozik on August 14, 1991 for breach of an oral employment contract for failure to pay wages earned by plaintiffs during seven days of employment at an apartment complex. Defendant Nozik filed an "Answer and Counterclaim" which asserted that Nozik was not the proper defendant since plaintiffs "were employed by Gateway Apartments," generally denied plaintiffs' allegations and asserted an undenominated counterclaim on behalf of "Gateway Apartments" seeking $11,000 in compensatory and unspecified punitive damages for "malicious," "fraudulent" and "unlawful acts" and "thievery" based on plaintiffs' retention of three apartment applications and deposits when plaintiffs ceased their employment.

Plaintiffs subsequently filed an amended complaint against appellant Mentor Lagoons, owner of the Gateway Apartments, containing the identical allegations of the original complaint. Nozik, an attorney by profession acting as "Attorney for Defendant," thereafter requested the clerk of court "refile the Answer and Counterclaim we have previously filed under the same case number." The plaintiffs are lay individuals appearing *pro se.*

The case proceeded to trial before a referee on November 1, 1991. The transcript of proceedings demonstrates that Nozik requested the municipal court referee certify the case to the Cuyahoga County Common Pleas Court on the grounds that the counterclaim allegedly exceeded the municipal court's $10,000

subject matter jurisdiction. The municipal court referee reserved ruling upon defendant's motion and proceeded to trial by receiving testimony from plaintiffs and Nozik on behalf of Mentor Lagoons.

Plaintiffs testified they were hired by Nozik on June 16, 1991 to work as the resident custodian and manager of the Gateway Apartments respectively at a total salary of $1,000 per month. Plaintiffs stated they resided at and performed these services for Mentor Lagoons during the week of Monday, June 17, 1991 through Sunday, June 23, 1991, but never received payment. Plaintiffs testified they first became aware of a potential problem in obtaining payment when they received only two paychecks from Nozik to distribute to other employees during the week despite the fact that wages were owed to six employees. Plaintiffs stated they subsequently decided not to continue their employment at Gateway Apartments, left the office keys with another employee on Sunday, June 23, 1991, and took the three apartment applications and accompanying $150 in checks with them when they left.

Plaintiffs stated they placed telephone calls to Nozik on several occasions concerning this matter, but that Nozik failed to return their calls. Plaintiffs testified that when they finally reached Nozick by telephone, they informed Nozik that he could "come and get" the materials at their apartment on the west side of Cleveland, but that the only way plaintiffs would make the trip to Nozik's office in Mentor-on-the-Lake was if Nozick would pay them their wages for the week at the same time. The record demonstrates Nozick did not pick up the materials at plaintiffs' apartment. Plaintiffs did not attempt to negotiate the checks and denied they had any intention to steal the materials.

Nozik testified on behalf of defendant that the plaintiffs did not perform any work, that no wage payments were due when plaintiffs ceased their employment and that plaintiffs took the three applications and deposit checks.

The referee recommended the municipal court grant judgment in favor of plaintiffs for $200 on their complaint after crediting a $50 advance plaintiffs admittedly received prior to commencing their employment. The referee also recommended judgment for plaintiffs against Mentor Lagoons on the counter-claim. Defendant filed timely objections to the referee's report which were subsequently overruled by the municipal court when it adopted the referee's recommendations. The municipal court thereafter denied defendant's motion for a new trial.

This court dismissed defendant's original appeal for lack of jurisdiction since the municipal court's judgment entry was not properly file-stamped, but subsequently granted defendant's motion to reinstate the appeal upon the filing of file-stamped judgment entries. Defendant's appeal raises two assignments of error.

Defendant's first assignment of error contends the municipal court lacked subject matter jurisdiction to render its judgment as follows:

"I. The Lyndhurst Municipal Court had no jurisdiction of the case sub judice, the counter-claim filed by the defendant having exceeded the court's statutory monetary jurisdiction of ten thousand dollars ($10,000.00)."

Defendant's first assignment of error lacks merit.

Defendant contends the municipal court improperly declined to certify the case to the common pleas court pursuant to Civ.R. 13(J) since the counterclaim exceeded the $10,000 limit on municipal court subject matter jurisdiction set forth in R.C. 1901.17. The record demonstrates the referee reserved ruling on defendant's oral motion to transfer the case until after hearing the evidence on the merits since the issue was first raised immediately prior to commencement of the scheduled trial.

Defendant's argument fails to account for the fact that the case *sub judice* was filed in the municipal court small claims division. Civ.R. 1(C)(4) recognizes the Civil Rules do not apply in small claims cases when clearly inapplicable.

■ As noted by defendant, Civ.R. 13(J) establishes a mechanism to transfer cases to the common pleas court when the municipal court determines a counter-claim exceeds its jurisdiction as follows:

"In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."

However, defendant ignores the fact that Civ.R. 13(J) is not self-executing and does not automatically mandate certifying a case to the common pleas court every time a defendant files a counterclaim on the regular docket of the municipal court containing a monetary demand in excess of $10,000. Defendant has confused the $10,000 monetary jurisdiction of the municipal court on its regular docket with the monetary jurisdiction of the small claims court over claims not exceeding $1,000 and counterclaims not exceeding $1,500. R.C. 1925.02.

■ Civ.R. 13(J) recognizes the municipal court must make any determination concerning certification and specifies neither the time nor the procedure for making this determination. Cases interpreting this provision have uniformly held that the municipal court is authorized to examine whether the counterclaim states a claim exceeding its jurisdiction and is not required to certify cases to the common pleas court based *solely* upon the amount of the monetary demand in a counterclaim. See *Gravill v. Parkhurst* (1985), 27 Ohio App.3d 100, 27 OBR 121, 499 N.E.2d 913; *Hersch v. Debreczeni* (1973), 33 Ohio App.2d 235, 62 O.O.2d 349,

294 N.E.2d 918 (citing *Toth v. Klein* [1971], 27 Ohio Misc. 37, 56 O.O.2d 236, 272 N.E.2d 215).

▪ The record demonstrates the trial court found it necessary to receive evidence relating to defendant's counterclaim prior to making any determination concerning certification in the case *sub judice* since the counterclaim did not coherently state sufficient facts to ascertain the basis for the claim or the monetary relief requested. The record demonstrates that the evidence presented by defendant failed to support defendant's allegations of "malicious," "fraudulent" and "unlawful acts" and "thievery" and that defendant's counterclaim for $11,000 was unfounded. Defendant's evidence fell far short of supporting his counterclaim for damages exceeding the $1,500 small claims court monetary jurisdiction, let alone the $10,000 municipal court monetary jurisdiction.

Under the circumstances defendant has failed to demonstrate the trial court erred in declining to certify the case to the common pleas court or abused its discretion by receiving evidence prior to determining whether to transfer the case to the common pleas court.

Accordingly, defendant's first assignment of error is overruled.

Defendant's second assignment of error follows:

"II. The referee erred in failing and refusing to find as a matter of law that the plaintiffs had unlawfully stolen and converted to their own use and purpose three rental applications of the defendant."

Defendant's second assignment of error lacks merit.

Defendant contends the municipal court improperly found against defendant on the counterclaim for "malicious," "fraudulent" and "unlawful acts" and "thievery" based on plaintiffs' retention of the three apartment applications and accompanying $150 in deposit checks when plaintiffs ceased their employment.

Defendant contends plaintiffs committed a theft offense as defined by R.C. 2913.02, a criminal statute, by retaining these materials. However, defendant's argument confuses a criminal statute with the elements of a civil cause of action. Defendant has cited no authority holding that this statute creates an implied civil cause of action and failed to produce sufficient evidence to demonstrate such an offense was committed even if this court were to construe the statute to imply such a civil cause of action.

Defendant presented no evidence plaintiffs had any intent to deprive defendant of the applications and checks. As noted above, plaintiffs testified they retained the materials for safekeeping when they ceased their employment and informed Nozick that he could "come and get" the materials at their apartment. The record demonstrates plaintiffs made no attempt to negotiate the checks while the

checks were in their possession. Defendant failed to rebut this evidence and presented absolutely no evidence to support its claim of theft in the municipal court.

Although defendant's counterclaim also mentioned fraud, defendant's brief on appeal fails to raise any assignment of error concerning this theory. As a result, any such claim of error is deemed to be waived. App.R. 12. We likewise decline to address the merits of defendant's newly minted "conversion" argument since the record demonstrates defendant raised the theory of conversion for the first time on appeal and did not plead or prove such theory in the municipal court. *See State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277.

Accordingly, defendant's second assignment of error is overruled.

*Judgment affirmed.*

DYKE, P.J., PATTON and KRUPANSKY, JJ., concur.