JOURNAL ENTRY AND OPINION
Relator avers that: She is the defendant in Colombo Enterprises, Inc. v. Fegan, Berea Mun. Court Case No. 00CVG00471, which has been assigned to respondent judge. She filed a counterclaim in Case No. 00CVG00471 in excess of $25,000.00. She also filed a motion to certify Case No. 00CVG00471 to the court of common pleas because the amount of the prayer in the counterclaim exceeds the monetary jurisdiction of the municipal court. See Civ.R. 13(J); R.C. 1901.22. A magistrate denied the motion to certify. Trial is scheduled for Tuesday, May 9, 2000. As a consequence, she requests that this court issue a writ of prohibition preventing respondent from going forward with Case No. 00CVG00471.
Relator has also filed an application for an alternative writ of prohibition. By separate entry, we have denied relator's request for an alternative writ.
In Lewallen v. Mentor Lagoons, Inc. (1993), 85 Ohio App.3d 91,619 N.E.2d 98, this court observed:
 Civ.R. 13(J) recognizes the municipal court must make any determination concerning certification and specifies neither the time nor the procedure for making this determination. Cases interpreting this provision have uniformly held that the municipal court is authorized to examine whether the counterclaim states a claim exceeding its jurisdiction and is not required to certify cases to the common pleas court based solely upon the amount of the monetary demand in a counterclaim. See Gravill v. Parkhurst (1985), 27 Ohio App.3d 100, 27 OBR 121, 499 N.E.2d 913; Hersch v. Debreczeni (1973), 33 Ohio App.2d 235, 62 O.O.2d 349, 294 N.E.2d 918 (citing Toth v. Klein [1971], 27 Ohio Misc. 37, 56 O.O.2d 236, 272 N.E.2d 215).
85 Ohio App.3d 95-96. See also Driscoll v. Mentor Lagoons, Inc. (Dec. 16, 1993), Cuyahoga App. No. 64482, unreported.
Lewallen indicates that a municipal court has the authority to make a determination as to whether it is necessary to certify the proceedings to the court of common pleas. Furthermore, both Lewallen and Driscoll exemplify that appeal is an adequate remedy with respect to a municipal court's handling of the certification issue. See also Widder Widder v. Kutnick (1996), 113 Ohio App.3d 616,626 [8th dist.]. As a consequence, relief in prohibition would not be appropriate. See State ex rel. Dudley v. Spanagel (June 29, 1994), Cuyahoga App. No. 67366, unreported; Kahan v. Shaker Hts. Mun. Court (Oct. 6, 1994), Cuyahoga App. No. 66842, unreported.
Accordingly, relator's complaint is dismissed sua sponte for failure to state a claim upon which relief can be granted. Relator to pay costs.
 __________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
SPELLACY, J., and KILBANE, J., CONCUR.