JOURNAL ENTRY AND OPINION
Appellant, Nicholas A. Holian, is appealing the trial court's judgment in favor of appellee, Brad Smith Roofing Co., Inc. Appellant is also appealing the trial court's order granting a motion in limine as to certain testimony and exhibits of appellant. For the following reasons, we affirm.
Appellant hired appellee to replace his roof. The parties contracted that the roof replacement would cost $8,440.
Appellee did not take adequate measures to protect the roof while it was being replaced. As a result, appellant's house was significantly damaged in a rainstorm. Appellee's insurance company, Great Oaks Insurance, paid the replacement value of the damage, $68,000. G.A. Hommel Co. performed the repairs. The insurance company paid $48,000 directly to G.A. Hommel, but appellant had control over $20,000 in holdback money. The repairs were complete in April, 1997.
Appellant did not pay appellee for appellee's replacement of the roof. Appellee filed suit. Appellant counterclaimed for damages he incurred as a result of appellee's inadequate protection of the roof. Appellant claimed he was entitled to damages for loss of use of the house; repairs made by him personally; and out of pocket expenses.
Appellee filed a request for production of documents which requested any documents substantiating appellant's claims for damages. Appellant did not submit any documents substantiating claims for loss of use and repairs. Appellant sent appellee a letter stating there were no such documents.
Appellee filed a notice to take appellant's deposition, with duces tacum. Appellee directed appellant to bring with him any documents substantiating the damages.
Appellant deposed that he requested compensation from the insurance company to leave the house while the construction was going on. The insurance company said they were only responsible to repair the damage.
At deposition, appellant submitted a diagram of the house indicating which rooms were damaged. He stated which rooms were used, and why the rooms were unusable after the storm. Appellant said he did not allocate any amount for loss of use of the property. Appellant's attorney stated that the amount or calculation of damages is not a fact to be discovered, but an argument to be made at trial. Appellant deposed that his damages for loss of use were 3 million dollars, but that was not the figure he would present at trial. Appellant did not say what figure would be presented, or how loss of use would be calculated.
Appellant deposed that he did not yet have a chronological listing of the repairs he personally made to the property. Appellant estimated he spent between 200 and 400 hours on repairs. Appellant stated he was a good craftsman and his hourly rate was $50/hour. He never made a claim with the insurance company for the work he performed.
Appellant deposed that the house was dusty and required cleaning on a daily basis. He never stated how many hours were spent cleaning, or the hourly rate for cleaning. The complaint did not allege any damages for cleaning.
Appellee moved for a motion in limine as a sanction for appellant's failure to produce documents and/or deposition testimony. The trial court granted the motion in limine and precluded appellant from testifying or presenting evidence concerning his claim for lost partial use and time and expense in the repair of his residence.
At trial, the court held the motion in limine in abeyance. Appellant testified that 68% of the house was unusable, and the rooms were not available for 6 months. He calculated his damages for loss of use based on the sale price of the house of $425,000, plus real estate taxes, times 68%, for a total of $13,600. Appellee was never informed of this calculation before trial.
Appellant testified he spent 105 hours in the daily cleaning of dust, and 40 hours to clean the attic. He asserted an hourly rate of $25. There was no evidence as to how the $25 was determined.
Appellant further testified that his tires were damaged because appellee left nails in the driveway. Appellant presented a bill for tire replacement. He also presented a bill for cleaning duct work. These bills were never given to appellee during discovery.
Appellant testified that he used a dozen beach towels during the flood, priced at $10 each. The deposition referred to dozens of towels, and no price was established. Appellant testified as to other out of pocket expenses, none of which were discussed at deposition. The total out of pocket expenses were $835.
Appellant asserted he was entitled to $1,000 a month for noise, inconvenience, canceled holiday parties, etc., for a total of $7,500. The total damages were $26,060.
The trial court found that there was no competent foundation for appellant's figures. Appellant's damages were speculative. Additionally, appellant did not provide information concerning damages in discovery. As a result, appellee was prejudiced in presenting its case. The court held that the motion in limine was proper to preclude evidence of the damages.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN GRANTING PLAINTIFF'S MOTION IN LIMINE EXCLUDING DEFENDANT'S TESTIMONY AS TO THE PARTIAL USE OF HIS HOME AND OTHER DAMAGES.
 In the instance of all failures to make discovery other than those specified by Civ.R. 37(D), it is necessary to apply to the court for an order to compel discovery pursuant to Civ.R. 37(A) and to obtain an order of the court which must then be violated before a second motion is used to obtain sanctions for failure to comply with the order.
Dafco, Inc. v. Reynolds (1983), 9 Ohio App.3d 4; See also Civ.R.37(B).
Civ.R. 37(D) permits immediate sanctions if a party fails to answer a request for inspection of documents. See Soloman v. Excel Marketing, Inc. (1996), 114 Ohio App.3d 20. Thus, the trial court could exclude the documents which were not provided in discovery, but were produced at trial.
Failure to answer questions in deposition is not specifically listed in Civ.R. 37(D).
 As a practical matter, failing to appear at a deposition, and appearing but refusing to answer are equivalent. See Gravill v. Parkhurst (1985), 27 Ohio App.3d 100, at 105.
 A failure to treat these two events as identical would serve to encourage the practice of appearing for depositions to avoid sanctions but refusing to answer.
 The proper course of action is to apply to the court for a protective order. Because the failure to appear, and appearing but refusing to answer are identical, the sanctions should also be identical.
E.I. DuPont de Nemours Co., Inc. v. Thompson (1986), 29 Ohio App.3d 272; Evans v. Vonder Ahe (Sept. 27, 1995), Hamilton App. No. C-940611, unreported. Refusing to answer questions at deposition is equivalent to a failure to appear. Thus, the trial court could immediately impose sanctions for appellant's refusal to answer questions at deposition.
Having concluded that the court used an acceptable procedure, we must examine whether it was proper to grant a motion in limine under the facts of this case.
 In reviewing discovery rulings, we ordinarily apply an abuse-of-discretion standard. However, "[t]he exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise.
Brokamp v. Mercy Hosp. Anderson (1999), 132 Ohio App.3d 850.
Appellee was entitled to discover the facts which appellant would use to calculate his damages. A party must supply requested discovery as to the breakdown and documentation of medical expenses, compensatory damages and lost wages. See Toney v. Berkemer (1983), 6 Ohio St.3d 455. In this case the following facts were not provided to appellee: (1) The itemization and amounts of the out of pocket expenditures; (2) The estimated time spent cleaning and appellant's hourly rate; (3) the monetary loss incurred relating to loss of use.
Appellant asserts that appellee should have made a request in writing, pursuant to Civ.R. 8(A), for a written statement of the amount of recovery sought. Even if appellee were provided with the amount of recovery sought, appellee was still entitled to discover the facts upon which the damages were calculated.
Appellant wilfully failed to disclose these facts to appellee. Appellee was aware of his cleaning time and out of pocket expenses at the time of the deposition. Appellant could have supplemented his deposition testimony at any time before trial.
Appellee was prejudiced by the failure to provide the discovery. Appellee was surprised at trial by appellant's testimony concerning his damages and could not adequately prepare for trial. The trial court did not abuse its discretion in excluding the evidence.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT'S JUDGMENT AS TO DEFENDANT'S COUNTERCLAIM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The trial court properly excluded appellant's evidence of damages. Therefore, the judgment of the trial court was not against the manifest weight of the evidence.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., AND JAMES D. SWEENEY, J., CONCUR.
 _________________________ ANN DYKE ADMINISTRATIVE JUDGE