ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The relator, Ronald Foster, commenced this "Motion for a writ of mandamus" against the respondent, Judge A. Deane Buchanan of the Cleveland Heights Municipal Court, to obtain the following relief: (1) to compel Judge Buchanan to recuse himself; (2) to compel Judge Buchanan to rule on motions submitted on December 2, 2004; (3) to compel the assignment of Foster's underlying case(s) to a different judge; (4) to compel the transfer of the underlying case(s) from the municipal court to the common pleas court because the amount in controversy exceeds the monetary jurisdiction of the municipal court; (5) to compel transfer or dismissal of the underlying case(s) because Judge Buchanan has lost jurisdiction through various illegal actions; (6) to compel the payment or release of the award in one of the underlying case(s); (7) to compel making certain records available to Foster; (8) to compel discovery; and (9) to compel protection of Foster's rights. This court granted Judge Buchanan's motion for summary judgment in part and denied the claims seeking disqualification of the judge, seeking review of the discovery rulings and seeking recusal from the judge. This court then directed the parties to file cross-motions for summary judgment and briefs in opposition on the remaining claims. On March 3, 2006, Foster filed a "Motion for Summary Judgment to File Reply in Opposition to Respondent's Motion for Summary Judgment." On March 6, 2006, Judge Buchanan filed his supplemental motion for summary judgment. Neither filed a responding brief in opposition. For the following reasons, this court denies Foster's motion and grants the judge's dispositive motion.
 {¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Jerninghanv. Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State exrel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v.Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33,564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel.Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. ClevelandBoard of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308. Indeed, the "facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ." Pressley, 11 Ohio St.2d at 161.
 {¶ 3} In accordance with that caution, the court has discretion in issuing mandamus. In Pressley, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." 11 Ohio St.2d at 161-162. State ex rel.Bennett v. Lime (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; Stateex rel. Dollison v. Reddy (1978), 55 Ohio St.2d 59,378 N.E.2d 150; and State ex rel. Mettler v. Commissioners of AthensCounty (1941), 139 Ohio St. 86, 38 N.E.2d 393.
 {¶ 4} In one of the underlying cases, Hodge v. Foster, Case No. 03CVG32030, Foster filed an "Answer and Counterclaim" in which he sought actual and compensatory damages in an amount to be determined at trial and punitive damages in excess of $325,000. R.C. 1901.17 provides that municipal courts have jurisdiction only in those cases, inter alia, in which the amount claimed by any party does not exceed $15,000. R.C. 1901.22(E) provides that when a defendant claims more than $15,000 in a counterclaim, the judge shall certify the proceedings to the common pleas court. See also, Civ.R. 13(J). Thus, Foster argues that because his counterclaim exceeds $15,000, Judge Buchanan does not have jurisdiction over the underlying matter and must certify the proceedings to the common pleas court.
 {¶ 5} Although certification may be mandatory, it is not automatic. Neither the statute nor the rule specify the time or the procedure for making the certification determination. "Cases interpreting this provision have uniformly held that the municipal court is authorized to examine whether the counterclaim states a claim exceeding its jurisdiction and is not required to certify cases to the common pleas court based solely upon the amount of the monetary demand in a counterclaim." Lewallen v.Mentor Lagoons, Inc. (1993), 85 Ohio App.3d 91, 95,619 N.E.2d 98, (emphasis in the original); Hersch v. Debreczeni (1973),33 Ohio App.2d 235, 294 N.E.2d 918; and Driscoll v. Mentor Lagoons,Inc. (Jan. 13, 1994), Cuyahoga App. No. 64482. In the present case, the respondent judge included a copy of the "Answer and Counterclaim" as an exhibit to his supplemental motion for summary judgment. In reviewing that pleading, it is uncertain whether a counterclaim is stated because it is difficult to discern where the pleading of affirmative defenses ends and the counterclaim begins. Furthermore, the above cases grant wide discretion to a judge in following R.C. 1901.22(E), even allowing the judge to hold hearings to determine whether the amount in controversy really exceeds the municipal court's jurisdictional limit. Moreover, Foster has an adequate remedy at law by appealing the judge's decision on certification which precludes relief in mandamus. Kahan v. Shaker Heights Municipal Court
(Oct. 6, 1994), Cuyahoga App. No. 66842 and State ex rel. Dudleyv. Spanagel (June 29, 1994), Cuyahoga App. No. 67366.
 {¶ 6} Foster also argues that Judge Buchanan's failure to follow the law has deprived him of subject matter jurisdiction. For this principle, he relies upon Flake v. Pretzel (1943),381 Ill. 498, 46 N.E.2d 375 and Armstrong v. Obucino (1921),300 Ill. 140, 133 N.E. 58. These cases are not persuasive. Flake
concerns the authority of a trial judge to appoint a commissioner to determine an election contest under Illinois statutory law. Similarly, Armstrong stands for the proposition that under Illinois law the failure to wait the full redemption period in a foreclosure case renders the sale void and subject to collateral attack. Foster's broad accusations against Judge Buchanan of bias, conspiracy, and corruption are insufficient to establish such a specific abrogation of a specific statute that would render an order void under Ohio law, much less deprive the judge entirely of jurisdiction over the case.
 {¶ 7} Foster further asserts that in another underlying case,Foster v. Hodge, Cleveland Municipal Court, Housing Division Case No. 2002 CVG 16189, he received a judgment for $2,022 in December 2002. He further indicates that in December 2003 he successfully garnished Hodge's funds in Key Bank, but that the court prohibited him from collecting them, apparently by issuing a stay. He then implies that Judge Buchanan is improperly preventing him from collecting this judgment.
 {¶ 8} However, Foster has not pleaded and proved the existence of all necessary facts to establish a mandamus claim against Judge Buchanan. He has not provided this court with complete dockets and necessary documentation to determine whether a stay was issued in the subject underlying case, whether Judge Buchanan was assigned to this case, whether Judge Buchanan or some other judicial officer issued the stay and whether the relationships with the other underlying cases affected or should affect the judgment in the subject underlying case (e.g., a set-off). Moreover, this court is uncertain exactly what duty of Judge Buchanan that Foster is trying to enforce (e.g., issuing an order removing the stay, issuing an order for rent release or generally follow the law). In the face of such uncertainty, mandamus is improper.
 {¶ 9} Foster additionally claims that Judge Buchanan improperly denied him access to records. However, Foster has not identified these records, nor has he provided this court with such necessary information as how and when he requested these records, and how access was denied. Furthermore, he has not adequately specified under which legal principle, enforceable in mandamus, he is seeking these records. This court cannot discern whether he is seeking access to regular trial court filings and records, records which have been sealed, records pursuant to discovery, or records submitted under seal for in camera inspection. Again, in the face of such uncertainty, mandamus is improper.
 {¶ 10} In his motion for summary judgment, Foster has not raised the claim to compel the judge to rule on certain motions filed on December 2, 2004. Thus, this court denies that claim.
 {¶ 11} Foster's last claim for mandamus is that this court compel Judge Buchanan to protect his rights. However, "[a] writ of mandamus will not issue to compel the observance of law generally, but will be confined to commanding the performance of specific acts specifically enjoined by law to be performed."Cullen v. State ex rel. City of Toledo (1922),105 Ohio St. 545, 138 N.E. 58, syllabus; State ex rel. Tillimon v. Weiher,65 Ohio St.3d 468, 1992-Ohio-83, 605 N.E.2d 35; and State exrel. Harris v. Court of Common Pleas (Nov. 18, 1999), Cuyahoga App. No. 76881. Foster's pleading that this court compel Judge Buchanan to protect his rights is nothing more than a plea that the judge follow the law, for which mandamus will not lie.
 {¶ 12} Moreover, relator's pleading is deficient because he styled it as a motion for mandamus. In State ex rel. Simms v.Sutula (1998), 81 Ohio St.3d 110, 111, 689 N.E.2d 564, the Supreme Court of Ohio affirmed the court of appeals' dismissal of a writ action by holding: "original actions for extraordinary relief, e.g., a writ of procedendo, must be commenced by filing a complaint or petition rather than a motion."
 {¶ 13} Finally, as to Foster's complaint generally and to the extent that he is seeking some relief other than the claims identified above, this court, in the exercise of its discretion, declines to issue a writ of mandamus. Generally, Foster has not provided this court with sufficient information or pleaded his claim(s) with sufficient explicitness and specificity to establish his right to relief. Because he has presented his pleading in such a disjointed and disorganized way, this court has been uncertain whether he is trying to make separate claims or adding to the respondent's list of injustices so as establish the claim for bias and corruption. It is obvious that Foster is dissatisfied with Judge Buchanan and has filed a "shotgun" pleading in the hopes of having him removed from the underlying case(s), but mandamus is not for that purpose. Furthermore, this court has had difficulty in discerning the legal basis for some of his apparent claims. A court should not have to speculate on such matters. Foster's motion for summary judgment did not offer sufficient evidence or clarification. In the face of such uncertainty and doubt, mandamus will not issue.
 {¶ 14} Accordingly, this court grants respondent's motion for summary judgment, denies Foster's motion for summary judgment, and denies his "Motion for a writ of mandamus." Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Cooney, P.J., concurs.
 Corrigan, J., concurs.