[Cite as *State ex rel. Allen v. Sutula*, 2014-Ohio-505.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100743

## STATE EX REL., BRANDON M. ALLEN

RELATOR

vs.

## JUDGE KATHLEEN A. SUTULA

RESPONDENT

## JUDGMENT:
### WRIT DISMISSED

Writ of Mandamus
Motion No. 471253
Order No. 471791

**RELEASE DATE:** February 11, 2014

**RELATOR**

Brandon M. Allen, pro se
Inmate #620-533
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEY FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1}   Relator, Brandon M. Allen, has filed with this court various affidavits that purport to support a mandamus action against respondent, Judge Kathleen A. Sutula. Respondent has moved for dismissal of the action, which we grant for the reasons that follow.

{¶2}   Relator failed to commence an action by way of petition or complaint as required by law.  Loc.App.R. 45(B).  In *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 111, 689 N.E.2d 564 (1988), the Supreme Court of Ohio affirmed the court of appeals' dismissal of a writ action by holding: "original actions for extraordinary relief, e.g., a writ of procedendo, must be commenced by filing a complaint or petition rather than a motion."  *See also State ex rel. Foster v. Buchanan*, 8th Dist. Cuyahoga No. 85962, 2006-Ohio-2061 (dismissing relator's motion for a writ of mandamus as procedurally defective).  A court may sua sponte dismiss a petition for an extraordinary writ when it is improperly captioned.  *Maloney v. Court of Common Pleas of Allen Cty*., 173 Ohio St. 226, 227, 181 N.E.2d 270 (1962); *Turner v. State*, 8th Dist. Cuyahoga No. 94292, 2010-Ohio-683, ¶ 2.

{¶3}   In addition, Allen complains in his affidavits that the trial court erred by imposing maximum, consecutive sentences in an unspecified criminal matter.  Assuming he seeks a writ of mandamus to compel the correction of an alleged sentencing error, he cannot establish the requirements for mandamus. The requisites for mandamus are well established:   1) the relator must establish a clear legal right to the requested relief; 2) the

respondent must possess a clear legal duty to perform the requested relief; and 3) the relator does not possesses nor possessed an adequate remedy at law. *State ex rel. Tran. v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997). If any sentencing error occurred, Allen has or had an adequate remedy at law through a direct appeal or a motion to file a delayed appeal. *State ex rel. Culgan v. Kimbler,* 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88 *(*"insofar as Culgan argues that one of his sentences is erroneous because there is no authorization for consecutive six-month jail sentences, he had an adequate remedy by appeal to raise his claim of sentencing error."); *Dunning v. State*, 8th Dist. Cuyahoga No. 84982, 2004 Ohio App. LEXIS 6818 (Oct. 14, 2004); App.R. 5.

{¶4} For all of these reasons, respondent's motion to dismiss is granted. Costs to be assessed against relator. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

{¶5} Writ dismissed.

---

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR