[Cite as *Rickard v. Solley*, 188 Ohio App.3d 205, 2010-Ohio-2786.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICKARD, | ) | |
| | ) | CASE NO.  09 MA 139 |
| APPELLEE, | ) | |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| SOLLEY, | ) | |
| | ) | |
| APPELLANT. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Common Pleas Court, Case No. 09 CV 1706. |
| JUDGMENT: | Reversed in part, Vacated in Part and Remanded. |

APPEARANCES:

Siciliano & Gallito and Robyn R. Gallito, for appellee.

Philip Arbie, for appellant.

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio

Dated:  June 10, 2010

DeGenaro, Judge.

{¶1} This timely appeal comes for consideration upon the trial court record and the parties' briefs. Defendant-appellant, Lisa Solley, appeals the judgment of the Mahoning County Common Pleas Court that transferred a breach-of-contract action filed by plaintiff-appellant, Cynthia Rickard, back to the Youngstown Municipal Court. On appeal, Solley argues that the common pleas court erred by transferring the case. Solley also claims that the common pleas court erred by failing to rule on her motion to dismiss Rickard's complaint.

{¶2} Upon review, we conclude that Solley's transfer argument is meritorious. The transfer was erroneous because the amount of damages Solley requested in her amended counterclaim exceeds the jurisdictional limits of the municipal court pursuant to R.C. 1901.17. Solley's challenge to the common pleas court's failure to rule on her motion to dismiss is not ripe for appellate review. Finally, we sua sponte address the fact that the appealed judgment in this case erroneously rules on a motion filed in a separate but related case. Accordingly, we reverse the portion of the judgment transferring the case to the municipal court, vacate the portion of the judgment that rules on a motion not filed in this case, and remand this cause to the common pleas court for further proceedings consistent with this court's decision.

**Facts and Procedural History**

{¶3} Rickard and Solley were roommates for many years, during which time they accumulated real and personal property together and shared expenses. At some point, their relationship ended and Solley moved out of the house the parties' co-owned. Both

parties retained attorneys to address the numerous issues regarding property division and finances that arose from the end of the partnership. On July 11, 2006, Solley filed a separate action in the Mahoning County Common Pleas Court (case No. 06 CV 2621) against Rickard, seeking partition of real estate co-owned by the parties in Youngstown. Eventually, the parties entered into a settlement that concerned not only the real estate but also a number of other issues, including a timeshare in Cancun and a Jeep lease. As part of this agreement, Solley quit-claimed her interest in the Youngstown property and the Cancun timeshare to Rickard, and Rickard in turn agreed to pay Solley $15,000. Solley agreed to assume the Jeep lease. The trial court dismissed the case and entered judgment for the terms of the settlement agreement on January 8, 2007.

{¶4} Over 16 months later, on May 27, 2008, Rickard filed the present action in the Youngstown Municipal Court, case No. 08CVF02291Y, seeking $12,272.23 from Solley for various household bills that the parties allegedly accumulated during their relationship.

{¶5} On June 25, 2008, Solley filed a motion to dismiss and a motion for sanctions. Solley argued that all issues relating to the parties' former partnership had been resolved in the January 8, 2007 settlement agreement in case No. 06 CV 2621. She claimed that any issues not raised by Rickard in the other suit were extinguished. Further, Solley contended that the new action was frivolous and designed to harass her, and therefore moved for sanctions against Rickard and her attorney pursuant to Civ.R. 11. She also requested that the court order Rickard to pay her attorney fees and costs. Rickard responded, asserting that the claim involved in the instant case is distinct from the previous action, which was for partition of real estate.

**{¶6}** On July 23, 2008, after being granted leave to plead, Solley filed an answer and counterclaim. Solley denied owing any money to Rickard and again claimed that the issues raised in this lawsuit were conclusively settled in the other case. In her counterclaim, Solley claimed that Rickard had failed to comply with the terms of the settlement agreement in the other case by failing to remove Solley's name from the mortgage on the Youngstown property. She further asserted that Rickard's lawsuit was wholly frivolous and claimed to have suffered damages and incurred legal expenses as a result of Rickard's wrongdoing. Solley prayed for judgment in the amount of $15,000, which is the jurisdictional limit for the municipal court. Rickard filed an answer to Solley's counterclaim.

**{¶7}** On March 6, 2009, Solley filed a "Supplement to Motion to Dismiss," in which she attached correspondence between the parties' attorneys, as parol evidence to attempt to demonstrate that the prior settlement agreement in the partition case encompassed and therefore extinguished claims raised in the present action. The docket reveals that the municipal court never ruled on Solley's motion to dismiss or her motion for sanctions.

**{¶8}** On April 9, 2009, without moving for leave, Solley filed a first amended answer and counterclaim, in which she restated her previous counterclaims involving breach of the settlement agreement in the partition action and the filing of a frivolous lawsuit. For each of these counterclaims, she increased the amount of damages sought. While in her original counterclaim she had prayed for damages totaling exactly $15,000, in her amended counterclaim she prayed for damages in excess of $25,000 for each of those claims. She also added a new counterclaim alleging breach of contract for Rickard's

alleged failure to reimburse Solley for her services as a caregiver for Rickard's mother. With regard to this counterclaim, Rickard also prayed for damages exceeding $25,000.

{¶9} That same day, Solley filed a motion to transfer the case to the common pleas court, alleging that the amount in controversy exceeded the jurisdictional limit of the municipal court. Then on April 21, 2009, Solley filed a motion to continue trial, a motion to compel discovery, and a renewal jury demand.

{¶10} On April 22, 2009, the municipal court issued a judgment entry transferring the case to the common pleas court pursuant to Civ.R. 13(J) and R.C. 1901.17, because the counterclaim exceeded the jurisdictional limit for the municipal court. However, according to the docket, notice of the transfer was not provided to the parties by the municipal court. Because of this, Rickard continued to file motions in the municipal court, including replies to Solley's April 21, 2009 motions. Rickard later refiled these exact motions with the common pleas court.

{¶11} According to the common pleas court's docket, the complaint and municipal court record were filed with the common pleas court on May 8, 2009, and assigned a case number of 09 CV 1706. On May 19, 2009, the common pleas court sent notice to the parties confirming that the case had been transferred. Notably, there are no judgment entries or notations in the docket suggesting that the common pleas court consolidated the transferred case (09 CV 1706) with the previous common pleas partition action (06 CV 2621).

{¶12} On June 8, 2009, Rickard filed a motion for leave to move, plead, or respond. Several days later, she filed a Civ.R. 60(B) motion that challenged the municipal court's

April 22, 2009 judgment entry transferring the case to the common pleas court. The common pleas court later denied the Civ.R. 60(B) motion, stating that it had no jurisdiction to vacate a municipal court order.

**{¶13}** Meanwhile, in the separate partition case (06 CV 2621), Solley filed a motion for relief from the January 8, 2007 settlement agreement. However, instead of ruling on that motion under that case number, the trial court began issuing decisions and orders under case No. 09 CV 1706, the instant suit.

**{¶14}** For example, on July 9, 2009, a magistrate's decision was issued under case No. 09 CV 1706 that addresses issues from both cases. It begins by stating: "This matter came on for hearing before the Magistrate on June 3, 2009 on the Plaintiff's Motion for Settlement Agreement filed on March 3, 2009." The magistrate's decision proceeds to overrule the motion for relief from settlement agreement. It also rules that "this case," presumably 09 CV 1706, is to be transferred back to the Youngstown Municipal Court.

**{¶15}** Solley filed objections to the magistrate's decision in which she contended that the magistrate had somehow confused the two cases. She noted that the motion for relief from settlement was not filed in this case, and she claimed that any decision regarding a different case in a finding pertaining to this case is defective per se. She also objected to the magistrate's failure to rule on her motion to dismiss Rickard's claims. Finally, Solley objected to the transfer, as she claimed to have a counterclaim pending that exceeds the jurisdictional limits of the municipal court.

**{¶16}** On August 12, 2009, the common pleas court issued a judgment overruling the objections to the magistrate's decision, denying the motion for relief from settlement,

and transferring the case back to the municipal court. Solley filed an appeal the same day.

**{¶17}** In a September 30, 2009 judgment entry, this court ordered Solley to file a jurisdictional memorandum stating a brief case history clarifying the proceedings to date and the statutory authority for this court to review the August 12, 2009 judgment as a final, appealable order. Solley filed a jurisdictional memorandum on October 15, 2009, and on November 19, 2009, this court issued a judgment concluding that the August 12, 2009 order is final and appealable as defined by R.C. 2505.02 and that this court has jurisdiction to proceed.

### Transfer to Municipal Court

**{¶18}** In Solley's first assignment of error, she asserts:

**{¶19}** "The Court of Common Pleas had no authority to transfer the case back to the Youngstown Municipal Court because the amount of the counterclaim exceeds the jurisdictional limits of a municipal court as defined by ORC § 1901.17 and Civ.R. 13(J)."

**{¶20}** This assignment of error concerns the jurisdiction of the municipal court, which is a question of law. We review legal issues de novo. *E. Sav. Bank v. Bucci,* 7th Dist. No. 08 MA 28, 2008-Ohio-6363, at ¶28. See also *Ferron v. Fifth Third Bank*, 5th Dist. Nos. 06CAE110086 and 07CAG020010, 2007-Ohio-3094, at ¶15 (applying de novo standard of review to an issue involving transfer of a case to municipal court).

**{¶21}** R.C. 1901.17 governs the monetary jurisdiction of municipal courts in Ohio and states:

**{¶22}** "A municipal court shall have original jurisdiction only in those cases in which

the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of a municipal court.

**{¶23}** "Judgment may be rendered in excess of the jurisdictional amount, when the excess consists of interest, damages for the detention of personal property, or costs accrued after the commencement of the action."

**{¶24}** Civ.R. 13(J) provides the mechanism for transfer to the court of common pleas in the event that a defendant's counterclaim exceeds the monetary jurisdiction of the municipal court. "In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas." Civ.R. 13(J).

**{¶25}** Here, the municipal court certified the proceedings to the common pleas court pursuant to Civ.R. 13(J) because Solley's amended counterclaim prayed for damages in excess of $25,000. The common pleas court subsequently transferred the case back to the municipal court, reasoning that "the original filing and jurisdictional requirements are met."

**{¶26}** Solley contends that this was improper because her amended counterclaim remained pending at the time of the second transfer and exceeded the jurisdictional limit of the municipal court. To the contrary, Rickard argues that the transfer was correct because the municipal court never granted Solley leave to file her amended counterclaim and that the counterclaim was therefore never properly before the court. Solley counters that by certifying the record to the common pleas court, the municipal court impliedly granted leave

and accepted Solley's amended counterclaim. Solley is correct.

**{¶27}** Certification to the common pleas court is not automatic when a counterclaim is filed that prays for damages in excess of the municipal court's jurisdiction. *Crisalli v. Mearini*, 8th Dist. No. 84245, 2004-Ohio-6018, at ¶ 2. "Rather, the municipal court should first determine if the counterclaim satisfies the formalities of the civil rules and states a claim showing that the party is entitled to relief." Id., citing *Hersch v. Debreczeni* (1973), 33 Ohio App.2d 235, 238-239, 62 O.O.2d 349, 294 N.E.2d 918. Thus, by certifying the record to the common pleas court, the municipal court accepted Solley's amended counterclaim.

**{¶28}** Once in the common pleas court, the amended counterclaim, which prayed for damages in excess of $25,000, was never dismissed. A motion to strike the amended counterclaim was filed, but no ruling thereon was issued by the common pleas court. Because the amended counterclaim remained pending, it appears that the common pleas court erred by transferring the case back to the municipal court. The damages alleged in Solley's amended counterclaim exceed the monetary jurisdiction of the municipal court pursuant to R.C. 1901.17. Accordingly, Solley's first assignment of error is meritorious.

**Motion to Dismiss**

**{¶29}** Solley's second and third assignments of error are related and therefore will be discussed together. They assert:

**{¶30}** "Because the settlement agreement entered into by the parties in a previous lawsuit (2006-CV 02621—Mahoning County Court of Common Pleas) was incorporated into a judgment entry signed by the judge and because the claim Plaintiff/Appellee is making in the instant suit is one that could have been litigated in the previous lawsuit, the

claims of Plaintiff/Appellee are not allowed under Civ.R. 13(A)."

{¶31} "Because there is a valid settlement agreement in effect that settles all existing claims of the parties, the trial court erred in not dismissing the complaint of Plaintiff/Appellee."

{¶32} Solley presents several arguments why the common pleas court erred by failing to grant her motion to dismiss Rickard's complaint. Specifically, she claims that Rickard should have brought her claim as a compulsory counterclaim in the partition action and that the settlement agreement in that action extinguishes the claim made by Rickard in the instant suit.

{¶33} These issues are not ripe for review. The common pleas court, like the municipal court before it, never ruled on Solley's motion to dismiss. Rather, the common pleas court transferred the case back to the municipal court. A claim is not ripe for appellate review unless the trial court "has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 14-15, 526 N.E.2d 1350. See also *Orwick v. Orwick*, 7th Dist. No. 04 JE 14, 2005-Ohio-5055, at ¶61 (concluding that assignment of error was not ripe for appellate review where trial court had issued no judgment ruling on the issue raised). Accordingly, absent any ruling on the motion to dismiss in this case, it appears that the issue is not ripe for this court's review. Moreover, even if the common pleas court's failure to rule on the motion could somehow be taken as an implied denial thereof, the denial of a motion to dismiss is generally not a final, appealable order. See *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 103, 616 N.E.2d 213. Accordingly, Solley's second and third assignments of error are not ripe for appellate

review.

### Irregularities in the August 12, 2009 Entry

**{¶34}** Finally, we sua sponte address the fact that the August 12, 2009 judgment entry, which is the subject of this appeal, as well as the magistrate's decision that preceded it, refer to a motion that was not filed in this case. Specifically, the August 12, 2009 order states: "The Plaintiff's Motion for Relief from Settlement Agreement filed on March 3, 2009 is denied." However, the motion for relief from settlement agreement was not filed in the instant case. Rather, it was filed by Solley, who was the plaintiff in the separate partition case (06 CV 2621). There is no indication that the trial court consolidated the present case (09 CV 1706) with the partition case (06 CV 2621) upon transfer of the present case to the common pleas court. Although it would have been reasonable to consolidate the two cases, there is no judgment entry doing so in either case. See Civ.R. 42(A)(1). Although not assigned as an error here, this issue was raised by Solley at the trial court level.

**{¶35}** The common pleas court acted without authority when it ruled in this case on Solley's motion filed in the partition case, absent a consolidation order. See *State ex rel. Gains v. Go Go Girls Cabaret, Inc.*, 2010-Ohio-870, at ¶37 (holding that trial court lacked authority in a civil nuisance case to order the return of property seized pursuant to a search warrant in a separate but related criminal case). Pursuant to App.R. 12(A), we exercise our discretion to sua sponte notice this error. Accordingly, we vacate the portion of the August 12, 2009 entry that rules on Solley's motion for relief from the settlement agreement in the partition action. That motion should be properly resolved in the context of the partition case, which is not the subject of this appeal.

## Conclusion

**{¶36}** Solley's first assignment of error is meritorious. Since Solley's amended counterclaim prayed for damages in excess of $25,000, the common pleas court erred by transferring the case. Solley's second and third assignments of error are not ripe for appellate review. Additionally, we exercise our discretion to sua sponte notice an error contained in the appealed judgment, namely that a portion thereof rules on a motion filed in a completely separate, although related case. Accordingly, we reverse the portion of the judgment transferring the case to the municipal court, vacate the portion of the judgment that rules on a motion not filed in this case, and remand this cause to the common pleas court for further proceedings consistent with this court's decision.

Judgment accordingly.

VUKOVICH, P.J., and DONOFRIO, J., concur.

_____