[Cite as *Gibson v. Gibson*, 2023-Ohio-1072.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DAWN A. GIBSON | : | |
| | : | |
| Appellant | : | C.A. No. 29580 |
| | : | |
| v. | : | Trial Court Case No. 2011 DR 01008 |
| | : | |
| ROBERT J. GIBSON | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 31, 2023

. . . . . . . . . . .

AMY R. BLAIR, Attorney for Appellant

DAVID P. MESAROS and ADAM R. MESAROS, Attorneys for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Dawn A. Gibson, appeals from an order of the Montgomery County Court of Common Pleas, Domestic Relations Division, terminating her ex-husband's obligation to pay spousal support. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} Dawn and appellee, Robert J. Gibson, were married in 1990. On February 23, 2015, their marriage was terminated pursuant to a final judgment and decree of divorce. The decree of divorce provided for spousal support and stated, in relevant part, the following: "The parties agree that [Robert] shall pay [Dawn] the sum of $2,750.00 per month commencing on August 1, 2014 as and for spousal support for a period of ninety-six (96) months. The spousal support shall be subject to the continuing jurisdiction of the Court as to amount only, not duration."

{¶ 3} In the years following their divorce, both Dawn and Robert filed several post-decree motions concerning a variety of matters, including the amount and payment of spousal support. In 2018, Dawn appealed from a judgment of the trial court that reduced Robert's spousal support obligation and denied her motion to enforce a suspended jail sentence for a previous finding of contempt for Robert's failure to pay spousal support. On appeal, this court affirmed the decision of the trial court in its entirety. *See Gibson v. Gibson*, 2d Dist. Montgomery No. 28171, 2019-Ohio-1799.

{¶ 4} Following the appeal, on May 14, 2021, Dawn filed a motion to modify spousal support. In the motion, Dawn requested that the trial court increase Robert's spousal support obligation and arrearage payment based on an alleged change in Robert's financial circumstances. Approximately one month later, on June 29, 2021, both parties attended a telephone pretrial conference concerning Dawn's motion. Following that conference, in order to give the parties an opportunity to exchange discovery, the trial court continued the matter and scheduled a second telephone pretrial conference for September 24, 2021. Due to discovery issues, a third telephone pretrial

conference was held on October 29, 2021. Following the third pretrial conference, the trial court scheduled the matter for a hearing on February 3, 2022.

{¶ 5} Due to inclement weather, the trial court continued the third hearing to March 25, 2022. The day before that hearing, Dawn filed a motion to show cause as to why Robert should not be held in contempt for failing to make payments previously ordered by the trial court. Thereafter, the trial court continued the March 25th hearing to June 8, 2022. On May 11, 2022, Robert retained new counsel and moved the trial court for a continuance of the June 8th hearing on Dawn's motions. The trial court granted the requested continuance and rescheduled the hearing for August 30, 2022.

{¶ 6} Meanwhile, on August 11, 2022, the trial court administratively issued an entry and order terminating Robert's spousal support obligation as of August 1, 2022, due to the expiration of the 96-month term cited in the final judgment and decree of divorce. Thereafter, at the August 30th hearing, Robert argued that the order terminating his spousal support obligation divested the trial court of jurisdiction to rule on Dawn's motion to modify spousal support. In order to give the parties time to present arguments on that issue, the trial court continued the hearing and scheduled another pretrial conference for October 7, 2022.

{¶ 7} Before the October 7th pretrial conference could be held, and before the trial court could issue a decision as to whether it had jurisdiction to rule on Dawn's motion to modify spousal support, Dawn filed the instant appeal from the trial court's order terminating spousal support, raising one assignment of error for review.

## Assignment of Error

{¶ 8} Dawn contends that the trial court erred by administratively issuing the order terminating spousal support without first ruling on her motion to modify spousal support. Dawn claims that the issuance of the termination order was erroneous because it divested the trial court of jurisdiction to rule on her motion. Dawn therefore requests that this court either vacate the order terminating spousal support or modify the order so as to allow the trial court to hold a hearing and rule on her motion.

{¶ 9} As a preliminary matter, we note that " '[t]rial courts have inherent power to manage their own dockets and the progress of the proceedings before them.' " *Roberts v. Kauffman 4 Dayton, Ltd.,* 2d Dist. Montgomery No. 29412, 2022-Ohio-3164, ¶ 11, quoting *Pond v. Pond*, 10th Dist. Franklin No. 20AP-262, 2021-Ohio-1708, ¶ 9. *Accord Smith v. Farmer*, 2022-Ohio-4180, 201 N.E.3d 988, ¶ 16 (2d Dist.). Accordingly, how a trial court manages its docket is wholly within the trial court's discretion, and we will not disturb such decisions unless the trial court abuses its discretion. *Bank of America, N.A. v. Williams*, 8th Dist. Cuyahoga No. 104886, 2017-Ohio-7166, ¶ 19; *State v. Van Tielen*, 12th Dist. Brown No. CA2018-02-002, 2018-Ohio-3421, ¶ 23. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 10} Upon review, we find that the trial court did not abuse its discretion by administratively issuing the order terminating Robert's spousal support obligation without first ruling on Dawn's motion to modify spousal support. The record indicates that the

ruling on Dawn's motion was delayed due to reasonable continuances and because the terms of the final judgment and decree of divorce required Robert's spousal support obligation to terminate on August 1, 2022, i.e., 96 months after August 1, 2014.

{¶ 11} In so holding, we note that R.C. 3105.18(E)(1) expressly provides that:

[I]f a continuing order for periodic payments of money as spousal support is entered in a divorce * * * action that is determined on or after January 1, 1991, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless * * * the circumstances of either party have changed and * * * [i]n the case of a divorce, *the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support.*

(Emphasis added.)

{¶ 12} Based on this statute, we have recognized that a trial court does not have jurisdiction to modify the duration of a spousal support award when a divorce decree explicitly states that the trial court does not retain continuing jurisdiction over the duration of the award. *See Cummings v. Cummings*, 2d Dist. Montgomery No. 26594, 2015-Ohio-3686, ¶ 47, citing *Vengrow v. Vengrow*, 9th Dist. Summit No. 24907, 2010-Ohio-2568, ¶ 24 (concluding that because "[t]he trial court had not reserved jurisdiction to modify the spousal support payments in regard to duration * * * the trial court was without authority to extend the duration of support payments[.]").

{¶ 13} In this case, the language of Dawn and Robert's divorce decree explicitly stated that the trial court did not retain continuing jurisdiction over the duration of the

spousal support award. Therefore, the trial court did not have authority to modify the duration of Robert's obligation to pay spousal support to Dawn. Because the trial court could not modify the duration of the spousal support award, we find that it had no choice but to issue the order terminating spousal support at the end of the 96-month term cited in the final judgment and decree of divorce. For this reason, it was not an abuse of discretion for the trial court to issue the order terminating spousal support.

{¶ 14} In reaching this conclusion, we note that the issue of whether the order terminating spousal support divested the trial court of jurisdiction to rule on Dawn's previously-filed motion to modify spousal support is not yet ripe for this court's review. "A claim is not ripe for appellate review unless the trial court 'has arrived at a definitive position on the issue that inflicts an actual, concrete injury.' " *Rickard v. Solley*, 188 Ohio App.3d 205, 2010-Ohio-2786, 935 N.E.2d 64, ¶ 33 (7th Dist.), quoting *Karches v. Cincinnati*, 38 Ohio St.3d 12, 14-15, 526 N.E.2d 1350 (1988). Therefore, "an appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21, citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89, 585 N.E.2d 384 (1992) (declining to rule on an issue not decided by the trial court).

{¶ 15} In this case, Dawn appealed from the trial court's order terminating spousal support, which did not rule on the issue of whether the order divested the trial court of jurisdiction to rule on Dawn's pending motion to modify spousal support. Rather, the order simply terminated Robert's spousal support obligation as of August 1, 2022, and indicated that Robert would still be responsible for the arrearage until paid in full.

Therefore, absent any ruling by the trial court on the jurisdictional issue, that issue is not ripe for this court's review.

{¶ 16} For the foregoing reasons, Dawn's sole assignment of error is overruled.

## Conclusion

{¶ 17} Having overruled Dawn's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.