[Cite as *State v. Flannery*, 2025-Ohio-1074.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240419 |
| | | TRIAL NO. | B-2305420 |
| Plaintiff-Appellant, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| NICHOLAS FLANNERY, | : | | |
| Defendant-Appellee. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 28, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Rittgers, Rittgers, & Nakajima* and *C. Stephen Kilburn*, for Defendant-Appellee.

**KINSLEY, Presiding Judge.**

{¶1}   In this interlocutory appeal, the State challenges the trial court's judgment ordering it to disclose a grand jury transcript to defense counsel in an alleged child abuse case.  Defendant-appellee Nicholas Flannery argued below that the State's failure to present exculpatory medical evidence to the grand jury deprived him of due process and that he accordingly had a particularized need to access grand jury recordings to establish the absence of that evidence from the proceedings.  The trial court sided with Flannery, finding that the grand jury transcript "tends to support" Flannery's due process argument without conclusively resolving the merits of that question.  On appeal, the State contends that decision by the trial court was an abuse of its discretion.  It argues that Flannery cannot establish a due process violation under existing case law, either with or without the grand jury transcript.

{¶2}   We disagree with the State as to whether Flannery established a need for information about the grand jury process, at least under our deferential abuse of discretion standard of review.  Flannery demonstrated the need to prove, as a factual matter, that the grand jury did not consider exculpatory evidence in order to mount his due process challenge to the grand jury indictment.  While existing case law appears to foreclose Flannery's due process argument, Flannery is permitted to argue for an exception to the trial court.  But we agree with the State that the need Flannery established was not *particularized* to full disclosure of the grand jury transcript, as lesser remedies would have sufficed.  We accordingly reverse the trial court's order for disclosure of the full grand jury transcript to defense counsel and remand the matter to the trial court for further proceedings.

### *Factual and Procedural History*

{¶3}   The indictment issued by the grand jury against Flannery alleges that he

committed the offenses of felonious assault and endangering children, both felonies of the second degree. The charges stem from a September 7, 2023 medical incident involving M.F., Flannery's infant son.

**{¶4}** The criminal charges against Flannery were not the only legal proceeding to arise from that event. Prior to Flannery's indictment, on October 6, 2023, the Hamilton County Department of Job and Family Services ("JFS") filed a separate complaint against him in the Hamilton County Juvenile Court seeking temporary custody of M.F. and his sibling, R.F. JFS's motion for interim custody was heard on October 10, 2023. Following that hearing, the magistrate declined to award interim custody to JFS based on a lack of evidence that the children were at imminent risk. JFS moved to set aside the magistrate's decision on November 8, 2023. The juvenile court denied the motion.

**{¶5}** According to Flannery, he presented voluminous exculpatory evidence to the juvenile court as part of the custody proceedings.[1] That evidence, as described by Flannery, included medical records indicating that M.F. was stuck in the birth canal for over 24 hours; that M.F.'s head was malformed and grew abnormally from birth; that M.F. underwent surgery to remove excessive fluid buildup caused by his traumatic birth, which ultimately caused him to experience a seizure; that M.F. lacked physical injuries at the time of the September 7, 2023 medical incident; and that a defense medical expert, Dr. Scheller, found that M.F.'s seizure was the product of a chronic medical condition rather than child abuse. Flannery also suggests that the State's

---

[1] Flannery attached certain documents to his motion for disclosure of grand jury testimony that he described as hearing exhibits admitted into evidence at a hearing before the juvenile court. The State did not object to that characterization below. While we have no reason to doubt Flannery's representation, we also hesitate to assume that the proffered documents are in fact those from the custody hearing. The entire record of the custody proceeding was not made a part of the record in this appeal and is therefore not before us for our review.

expert in the custody proceeding, Dr. Pham, lied on the witness stand regarding his review of M.F.'s pediatric records.

**{¶6}**   On December 29, 2023, after the juvenile court denied JFS's petition for interim custody, the grand jury indicted Flannery.

**{¶7}**   On February 6, 2024, Flannery moved for disclosure of the grand jury testimony underlying the indictment.   He argued that the State violated his due process rights by withholding the medical evidence from the custody proceeding from the grand jury.  Absent a full picture of M.F.'s medical history, he contended, the grand jury could not have acted in a fair and unbiased manner in deciding to indict him.   He also insinuated that the State pursued criminal charges against him as retaliation for JFS's inability to secure interim custody of the children in juvenile court.

**{¶8}**   Flannery's motion to disclose the grand jury transcript suggested that dismissal of the criminal charges would be the appropriate remedy for the State's failure to submit known exculpatory evidence to the grand jury.  He later formally moved for dismissal of the charges on that basis.

**{¶9}**   The trial court conducted a hearing on Flannery's disclosure motion.  It first ordered the State to provide the grand jury transcript to the court for an in camera, or in chambers, review.[2]  Thereafter, the trial court granted Flannery's motion for disclosure and ordered that the grand jury transcript be disclosed to defense counsel.[3]  The trial court held Flannery's motion to dismiss in abeyance.  We granted the State's motion for leave to appeal and stayed the trial court's disclosure order

---

[2] As confirmed at oral argument, the State does not challenge the trial court's order requiring an in camera inspection of the grand jury transcript.  The sole issue on appeal is whether the trial court abused its discretion in ordering the disclosure of the transcript to defense counsel.

[3] The trial court initially ordered the transcript to be disclosed to "the defendant," but later modified that order to clarify that the transcript was to be provided to Flannery's attorney.

pending appeal.

### *Analysis*

**{¶10}** The State raises a single assignment of error arguing that the trial court abused its discretion in granting Flannery's motion to disclose the grand jury transcript to defense counsel.

### A.  *The Law on Disclosure of Grand Jury Testimony*

**{¶11}**  We review a trial court's order for disclosure of grand jury testimony for an abuse of discretion.  *State v. Coley*, 93 Ohio St.3d 253, 261 (2001).  An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority."  *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.  The abuse-of-discretion standard is highly deferential to the lower court.  *State ex rel. Cincinnati Enquirer v. Hunter*, 2013-Ohio-5614, ¶ 29.

**{¶12}** The secrecy enshrouding grand jury proceedings is a time-honored facet of our country's criminal legal system.  *State v. Greer*, 66 Ohio St.2d 139, 147 (1981); *see Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399-400 (1959) (recognizing the history and tradition of grand-jury secrecy as "older than our Nation itself").  This steadfast tenet is reflected in the rules and procedures of Ohio law.  Crim.R. 6(E) provides, in pertinent part,

> Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. . . . A grand juror, prosecuting attorney, interpreter, court reporter, or typist who transcribes recorded testimony, may disclose other matters occurring before the grand jury, only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a

showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

*See* R.C. Ch. 2939 (delineating the powers and function of the grand jury in Ohio); Ohio Const., art. I, § 10 (requiring grand jury indictments).

**{¶13}** Consistent with the protection of grand jury secrecy, grand jury transcripts may only be disclosed in very limited circumstances. *Greer* at 148. To require disclosure, the accused must show that "the ends of justice require it" and "a particularized need for disclosure exists which outweighs the need for secrecy." *Id.* at paragraph two of the syllabus. A particularized need exists where "the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the [movant] a fair trial[.]" *State v. Sellards*, 17 Ohio St.3d 169, 173 (1985), citing *Greer*.

**{¶14}** This "particularized need" showing is a threshold requirement. *State v. Curran*, 2006-Ohio-774, ¶ 10 (2d Dist.). Once a particularized need is found, the trial court shall examine the grand jury materials in camera. *State v. Gibson*, 2023-Ohio-1154, ¶ 26 (1st Dist.). Thereafter, the court may, in its discretion, order disclosure of the relevant portions of the grand jury transcript to the moving party. *See id.* The fact that a trial court reviews a grand jury transcript in camera does not, in and of itself, establish a particularized need on the part of a defendant to access grand jury testimony. *State v. Perkins*, 2010-Ohio-5161, ¶ 50 (2d Dist.). Rather, a defendant must still meet the particularized need standard even after a trial court has reviewed the materials in camera. *Id.*

### B.  The Trial Court's Disclosure Order

**{¶15}** The critical question in this appeal is whether Flannery established a particularized need to access the grand jury transcript.

**{¶16}** The trial court initially determined that a particularized need existed to

justify an in camera review. In its role as the finder of fact, the trial court characterized the evidence Flannery identified from the custody proceeding as both "substantial" and "exculpatory." To ascertain whether this information was presented to the grand jury, the trial court ordered the State to submit the grand jury transcript to the court in camera and under seal.

**{¶17}** Following the trial court's in camera review, it determined that Flannery had demonstrated a particularized need for the testimony because it "tends to support Defendant's argument to dismiss the case." We read this statement by the trial court to imply, as a finding of fact, that the "substantial" and "exculpatory" evidence the trial court previously discussed was not in fact presented to the grand jury. This finding was in effect all that Flannery had sought in his disclosure motion: to establish the absence of the evidence from the grand jury proceeding. Nonetheless, the trial court ordered the State to provide a copy of the grand jury transcript to defense counsel under seal.

### C. The Propriety of the Trial Court's Disclosure Order

**{¶18}** The State does not challenge the trial court's finding that Flannery demonstrated a particularized need for disclosure of the grand jury transcript to the trial court. Its grievance, rather, lies with the disclosure order to defense counsel. It emphatically argues that it had no obligation to present exculpatory evidence to the grand jury, and therefore, that Flannery had no particularized need to ascertain whether the State did in fact omit certain evidence from that proceeding. *See State v. Wilks*, 2018-Ohio-1562, ¶ 34 (holding "the prosecutor ha[s] no obligation, constitutional or otherwise, to present allegedly exculpatory evidence to the grand jury"); *see also United States v. Williams*, 504 U.S. 36, 51-52 (1992) (reasoning that "requiring the prosecutor to present exculpatory as well as inculpatory evidence would

7

alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body"). In the absence of such a duty on its part, the State maintains that Flannery cannot demonstrate a particularized need for disclosure of the grand jury transcript to defense counsel.

**{¶19}** Flannery counters that a grand jury must be unbiased. *See Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . is enough to call for trial of the charge on the merits."). He interprets the trial court's ruling as finding that his due process rights were violated because he was indicted by an unfair and biased grand jury that acted without a clear picture of the evidence. And he challenges the State's motives in his case, painting his indictment as retaliatory and unjustified.

**{¶20}** We need not resolve the dispute in the parties' positions on the ultimate due process question at this stage of the proceedings. The trial court did not determine the merits of Flannery's motion to dismiss, in fact explicitly holding that motion in abeyance. Accordingly, no order is before us in that regard. The ultimate issue of whether Flannery can prevail on his due process argument is therefore not ripe for our review. *See Rickard v. Solley*, 2010-Ohio-2786, ¶ 33 (7th Dist.), quoting *Karches v. Cincinnati*, 38 Ohio St.3d 12, 14-15 (1988) ("A claim is not ripe for appellate review unless the trial court 'has arrived at a definitive position on the issue . . . .'").

**{¶21}** Rather, the trial court determined that Flannery required access to the grand jury transcript merely to pursue his motion to dismiss. Its questioning at the hearing on Flannery's disclosure motion suggested as much:

THE COURT: I don't see the argument as to why I should be making this in-camera review and deciding a motion that has not been filed so — you really need the Grand Jury testimony to file your Motion to

8

Dismiss?

(Interjection by counsel omitted.)

**{¶22}** We agree with the trial court that Flannery established an articulable need to access the grand jury proceedings to facilitate his due process motion. We characterize this need as factual and procedural. To advance his due process argument for resolution by the trial court, Flannery must show that the grand jury did not consider evidence the trial court characterized as exculpatory. In other words, Flannery needed to establish a fact that rendered his dismissal motion ripe for the trial court's review.

**{¶23}** As the State correctly highlights, the law likely weighs against Flannery on the ultimate merits of his dismissal motion. Indeed, courts have roundly rejected due process arguments like Flannery's in the past. *See, e.g., Wilkes*, 2018-Ohio-1562, at ¶ 34. But nothing prohibits Flannery from arguing for an exception to the existing body of law or from trying to convince the trial court that his case is an outlier. And we cannot predetermine the merits of that argument before the trial court has resolved it in the first instance. *See Rickard*, 2010-Ohio-2786, at ¶ 33 (7th Dist.). Under these circumstances, the trial court's determination of need was not an abuse of discretion, given the deference we afford to the trial court's factual characterizations of the evidence at this stage of the proceedings.

**{¶24}** We nonetheless agree with the State that the breadth of the trial court's disclosure order constituted an abuse of discretion, because full disclosure of the entire grand jury transcript was not particularized to the limited need Flannery established. Ohio law requires not just that an accused establish a need to invade the secrecy of the grand jury, but also that the need be particularized to the remedy of disclosure. *See Greer*, 66 Ohio St.2d 139, at paragraph four of the syllabus. As the

Ohio Supreme Court explained in *Greer*, to balance these interests, trial courts should delete extraneous matter where necessary, provide only those portions of the grand jury transcript that are relevant, and utilize protective orders to ensure that disclosure of grand jury materials is tailored to the particularized need. *Id.*

{¶25} The most analogous case to Flannery's in this regard is *State v. Owens*, 2015-Ohio-3017 (4th Dist.). In *Owens*, the Fourth District Court of Appeals considered a request by a defendant to access the grand jury transcript posttrial. *Id.* at ¶ 1, 4. The defendant's conviction was before the court on direct appeal, and he sought to supplement his appellate briefing with information gleaned from the grand jury record. *Id.* at ¶ 1. As to the particularized need standard, the defendant argued that he needed to access the transcript to demonstrate the presence of an unauthorized person in the room during the grand jury proceedings in violation of Crim.R. 6(D) and R.C. 2939.10. *Id.* at ¶ 4. He had raised an assignment of error in his appellate brief alleging the invalidity of the indictment on this basis, but could not prove, as a question of fact, that such a person was in fact present in the grand jury room without the transcript. *Id.* at ¶ 3. Thus, like Flannery, the defendant in *Owens* argued that he needed access to the grand jury record in order to prove a fact that advanced a legal argument.

{¶26} The Fourth District agreed with the defendant, as we do with Flannery, finding a need to access the grand jury transcript to "show the presence, statements, and functions of this alleged unauthorized person." *Id.* at ¶ 12. But the Fourth District did not order disclosure of the entire grand jury transcript to the defendant. *Id.* at ¶ 13-14. Rather, after weighing the defendant's limited need to establish a fact against the important interest in grand jury secrecy, the court instead limited the disclosure of the transcript to those portions that revealed the presence and statements of

10

individuals presenting to the grand jury. *Id.* at ¶ 14. It declined to disclose the testimony or identity of grand jury witnesses, which it found to be unnecessary to meet the defendant's particularized factual need. *Id.*

**{¶27}** The trial court should have undertaken a similar inquiry here, balancing Flannery's need to establish the absence of evidence against the sacrosanct protection for grand jury secrecy. In seeking the grand jury testimony, Flannery sought to prove a negative—i.e., to discern whether the "substantially exculpatory" information identified by the trial court was not in fact presented to the grand jury. Defense counsel ordinarily need not inspect what occurred before the grand jury in order to prove what did not occur. A lesser remedy—for example, a factual finding by the trial court that the evidence was not presented to the grand jury or a stipulation by the State to that effect—could readily accomplish this objective.[4] It was unreasonable for the trial court to order full disclosure of the grand jury transcript when Flannery established only a limited need.

**{¶28}** We note that such a remedy may not be desirable or even workable in many cases. Accordingly, we limit our holding to the unique facts and circumstances of Flannery's case. Because full disclosure was not necessary in this case to establish the absence of what the trial court characterized as exculpatory evidence before the grand jury, we find that the trial court abused its discretion in ordering the State to turn over the entirety of the grand jury transcript to defense counsel.

**{¶29}** Accordingly, we sustain the State's sole assignment of error.

### *Conclusion*

**{¶30}** The trial court correctly determined that Flannery has a need to

---

[4] The State conceded at oral argument that it would be willing to enter into such a stipulation.

establish the withholding of what the trial court, in its factfinding role, characterized as substantial exculpatory evidence from the grand jury. But its order requiring disclosure of the entire grand jury transcript to defense counsel was not particularized to that need. Lesser remedies, such as the stipulation the State deemed agreeable at oral argument or a factual finding by the trial court, would balance Flannery's need to establish a fact in support of his pending motion to dismiss against the grand jury's tradition of secrecy.

{¶31} Because the trial court abused its discretion in ordering full disclosure of the grand jury transcript, the State's assignment of error is sustained. The trial court's entry ordering disclosure of the grand jury transcript to defense counsel is reversed, and the matter is remanded for further proceedings.

Judgment reversed and cause remanded.

**CROUSE** and **NESTOR, JJ.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.