[Cite as *State v. Flannery*, 2026-Ohio-1076.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250230 |
| | | TRIAL NO. | B-2305420 |
| Plaintiff-Appellant, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| NICHOLAS FLANNERY, | : | | |
| Defendant-Appellee. | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/27/2026 per order of the court.**


**By:**_____
  **Administrative Judge**

[Cite as *State v. Flannery*, 2026-Ohio-1076.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250230 |
| | | TRIAL NO. B-2305420 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| NICHOLAS FLANNERY, | : | |
| Defendant-Appellee. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 27, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Rittgers Rittgers & Nakajima* and *C. Stephen Kilburn*, for Defendant-Appellee.

**CROUSE, Presiding Judge.**

{¶1}   In this interlocutory appeal, plaintiff-appellant the State of Ohio challenges the trial court's order that it disclose an excerpt of grand jury testimony to counsel for defendant-appellee Nicholas Flannery. This is the State's second interlocutory appeal from an order to disclose grand jury testimony in this case. *See State v. Flannery*, 2025-Ohio-1074 (1st Dist.) ("*Flannery I*").

{¶2}   In contrast to *Flannery I*, in which the trial court ordered the State to disclose the entire grand jury transcript, the trial court has now ordered the State to disclose only a short excerpt of testimony from the transcript. Despite the court's more tailored order of disclosure, for the reasons set forth in this opinion we again hold that the trial court abused its discretion in ordering the State to disclose the excerpt from the transcript to defense counsel. We accordingly reverse the trial court's judgment and remand this cause for further proceedings.

## I.  Factual and Procedural History

{¶3}   Flannery's infant son, M.F., suffered a medical incident while in Flannery's care in September 2023. As a result of that incident, both a civil complaint and criminal charges were filed against Flannery.

{¶4}   A civil complaint was filed against Flannery in the Hamilton County Juvenile Court on October 6, 2023, by the Hamilton County Department of Job and Family Services ("HCJFS") seeking temporary custody of M.F. and his older sibling R.F. A hearing was held on October 10, 2023, on HCJFS's motion for interim custody. Flannery alleges that he presented a copious amount of exculpatory evidence at that hearing. We summarized this evidence in *Flannery I*, stating,

> That evidence, as described by Flannery, included medical records
> indicating that M.F. was stuck in the birth canal for over 24 hours; that

M.F.'s head was malformed and grew abnormally from birth; that M.F. underwent surgery to remove excessive fluid buildup caused by his traumatic birth, which ultimately caused him to experience a seizure; that M.F. lacked physical injuries at the time of the September 7, 2023 medical incident; and that a defense medical expert, Dr. Scheller, found that M.F.'s seizure was the product of a chronic medical condition rather than child abuse. Flannery also suggests that the State's expert in the custody proceeding, Dr. Pham, lied on the witness stand regarding his review of M.F.'s pediatric records.

*Flannery I*, 2025-Ohio-1074, at ¶ 5 (1st Dist.). Following the hearing, a juvenile court magistrate determined that neither M.F. nor R.F. were at imminent risk and denied the motion for interim custody. In November 2023, the Juvenile Court denied a motion filed by HCJFS to set aside the magistrate's decision.

{¶5} Then, on December 29, 2023, Flannery was indicted on charges of felonious assault and endangering children, both second-degree felonies.

{¶6} On February 6, 2024, Flannery filed a motion for disclosure of grand jury testimony. The motion argued that the State had been aware of the exculpatory evidence presented in the juvenile court proceeding but had failed to introduce that evidence to the grand jury in violation of Flannery's due-process right to an informed and unbiased grand jury. Flannery asked the trial court to either provide him with the grand jury testimony or, in the alternative, to review the grand jury testimony and determine whether the State violated his due-process rights. He suggested that the trial court should dismiss the indictment if it found that his due-process rights had been violated.

{¶7} Flannery subsequently filed a motion to dismiss the indictment, arguing

that dismissal was warranted "based upon due process violations to a fair and unbiased grand jury resulting from the state's failure to introduce to the grand jury substantial exculpatory evidence about which it had actual knowledge."

{¶8} The trial court held a hearing on Flannery's motion to disclose. It found that Flannery had shown a particularized need for the court to review the grand jury testimony in camera, and it ordered the State to provide the court with the grand jury transcript. After reviewing the transcript, the trial court granted Flannery's motion for disclosure and ordered that the grand jury transcript be disclosed to defense counsel. The trial court stated that the testimony presented to the grand jury "tends to support Defendant's argument to dismiss the case." It held Flannery's motion to dismiss in abeyance. We granted the State's motion for leave to appeal and stayed the trial court's disclosure order pending appeal.

{¶9} In *Flannery I*, we reversed the trial court's disclosure order. *Flannery I*, 2025-Ohio-1074, at ¶ 2 and 31 (1st Dist.). We first explained that, by stating that the grand jury transcript "tends to support Defendant's argument to dismiss the case," the trial court had implied that the State had not presented the evidence that Flannery alleged to be "substantial" and "exculpatory" to the grand jury. *Id.* at ¶ 17. We then recognized that "[t]his finding was in effect all that Flannery had sought in his disclosure motion: to establish the absence of the evidence from the grand jury proceeding." *Id.*

{¶10} We held that "[w]e agree with the trial court that Flannery established an articulable need to access the grand jury proceedings to facilitate his due process motion," but that "the breadth of the trial court's disclosure order constituted an abuse of discretion, because full disclosure of the entire grand jury transcript was not particularized to the limited need Flannery established." *Id.* at ¶ 22 and 24. We further

5

held that the trial court should have "balanc[ed] Flannery's need to establish the absence of evidence against the sacrosanct protection for grand jury secrecy." *Id.* at ¶ 27. And we explained that the trial court could have balanced both parties' needs with a lesser remedy, including "a factual finding by the trial court that the evidence was not presented to the grand jury or a stipulation by the State to that effect." *Id.* Holding that "[i]t was unreasonable for the trial court to order full disclosure of the grand jury transcript when Flannery established only a limited need," we reversed the trial court's order of disclosure and remanded for further proceedings. *Id.*

{¶11} On remand, in accordance with our suggestion in *Flannery I*, the State stipulated that no exculpatory evidence was presented to the grand jury. In response, defense counsel requested that the trial court disclose "the portions of the Grand Jury transcript regarding what was presented, specifically with respect to the reasons this child was hospitalized." The trial court informed the parties that it would review the grand jury transcript to see if there was any additional testimony in the transcript that should be turned over to defense counsel.

{¶12} The court subsequently issued an order requiring the State to disclose an excerpt from the grand jury testimony to defense counsel. It found that the State's stipulation that no exculpatory evidence was submitted to the grand jury was incomplete, and that "[t]he State went further and submitted evidence [to the grand jury] that excluded any other possible cause, including affirmatively ruling out an organic cause, for the child's brain injury." In addition to the information on the first page of the grand jury transcript identifying the case and the persons present for the proceedings, the court ordered the State to disclose one question asked of a witness—

an officer from the Blue Ash Police Department[1]—and the corresponding answer.

**{¶13}** The State appealed and moved for a stay of the trial court's order. The trial court granted the motion for a stay in part and stayed the deadline for the State to provide defense counsel with a redacted transcript containing only the excerpts ordered to be disclosed. But it ordered the State to provide the court with a copy of the redacted transcript to be filed under seal as an exhibit.

**{¶14}** We granted the State's motion for leave to appeal, and we extended the stay of the trial court's order pending resolution of the appeal.

## II. *Propriety of the Disclosure Order*

**{¶15}** In a single assignment of error, the State argues that the trial court abused its discretion in granting Flannery's motion to disclose grand jury testimony to defense counsel.

**{¶16}** A trial court's order for the disclosure of grand jury testimony is reviewed for an abuse of discretion. *Flannery I*, 2025-Ohio-1074, at ¶ 11 (1st Dist.). An abuse of discretion occurs when "a court exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. It implies that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Gipson v. Mercy Health Sys. of S.W. Ohio*, 2025-Ohio-2208, ¶ 12 (1st Dist.). Under this deferential standard of review, an appellate court may not substitute its judgment for that of the trial court. *Id.*

**{¶17}** As we explained in *Flannery I*, "[t]he secrecy enshrouding grand jury proceedings is a time-honored facet of our country's criminal legal system." *Flannery I* at ¶ 12. This principle is codified in Crim.R. 6(E), which provides in relevant part that

---

[1] We include this information solely because the record establishes that this information was conveyed to Flannery by the State during the proceedings before the trial court.

7

"[d]eliberations of the grand jury and the vote of any grand juror shall not be disclosed." Because of the heavy protection accorded to the secrecy of the grand jury, transcripts from that body may be disclosed only under very limited circumstances. *Flannery I* at ¶ 13. "To require disclosure, the accused must show that 'the ends of justice require it' and 'a particularized need for disclosure exists which outweighs the need for secrecy.'" *Id.*, quoting *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph two of the syllabus.

**{¶18}** In *Flannery I*, we held that Flannery had shown a particularized need to establish that exculpatory evidence was not presented to the grand jury. *Id.* at ¶ 22. We further held that it was not necessary for the entire grand jury transcript to be disclosed to meet this need, and suggested that Flannery's need could be met while the secrecy of the grand jury remained protected if either the State stipulated that no exculpatory evidence had been presented to the grand jury or the trial court made a factual finding of that nature. *Id.* at ¶ 27.

**{¶19}** On remand, the State made the suggested stipulation. At that point, Flannery's particularized need was met. He was able to use the State's concession that no exculpatory evidence had been presented to the grand jury in support of his motion to dismiss. The trial court, however, determined that the State's stipulation was incomplete because it believed that the transcript established that "[t]he State went further and submitted evidence that excluded any other possible cause, including affirmatively ruling out an organic cause, for the child's brain injury." The trial court then ordered the State to disclose an excerpt from the transcript.

**{¶20}** Following our review of the grand jury transcript, we disagree with the trial court's interpretation of the testimony contained within that transcript excerpt. The trial court's finding that the testimony "excluded any other possible cause,

including affirmatively ruling out an organic cause, for the child's brain injury" is inaccurate.[2] As is to be expected in a grand jury proceeding, the State presented evidence that furthered and supported its belief that Flannery committed the charged offenses. The testifying witness, a police officer, conveyed information that he had received that established that the injuries to M.F. were intentional, rather than accidental or organic. The testimony did not "exclude[] any other possible cause" of M.F.'s injury. It simply set forth the State's case and failed to reference any of Flannery's exculpatory information.

{¶21} Flannery contends that he is entitled to know whether the State presented false information to the grand jury. He asserts that the fact that the State had knowledge that the juvenile court proceedings did not result in a finding of probable cause that he had abused M.F. necessarily means that the State called a witness to testify before the grand jury who intentionally provided false information. We cannot agree with this assertion. The testimony set forth inculpatory information that the witness had received during his investigation regarding the cause of injury to the child. We cannot say that this information was demonstrably false solely because it had been contested in the juvenile court proceedings and resulted in a finding by the juvenile court of no probable cause.

{¶22} Flannery's particularized need was met when the State stipulated that it had not presented exculpatory evidence to the grand jury. In ordering disclosure of the excerpt from the grand jury testimony, the trial court provided Flannery with information that was not limited to his particularized need. The testimony ordered to

---

[2] As we explain our reasoning and discuss the contents of the transcript, we are cognizant of the need to protect the secrecy of the grand jury proceedings and the testimony contained within the grand jury transcript.

be disclosed went beyond establishing that exculpatory evidence had not been presented and provided Flannery with the *inculpatory* evidence that the State had introduced.

**{¶23}** We accordingly hold that the trial court abused its discretion in ordering the State to disclose an excerpt from the grand jury testimony and sustain the State's assignment of error.

### III.  Conclusion

**{¶24}** The trial court's judgment ordering disclosure is reversed, and this cause is remanded for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**NESTOR** and **MOORE, JJ.,** concur.